37484.   ALLEN *v.* CLEIN *et al.*

DECIDED FEBRUARY 19, 1959.

*Joseph L. Llop, John L. Watson, Jr.,* for plaintiff in error.
*Carpenter, Karp & Mathews, Harold Karp,* contra.

CARLISLE, Judge.   ■   The original claim in this workmen's compensation case was filed against Sidney Clein Jewelry & Optical Company, Inc.   Pending the disposition of the claim before the deputy director, Mrs. Rose Clein intervened and made a motion to style the case as "Mrs. Rose Clein and/or Sidney Clein Jewelry & Optical Company."   The record before this court discloses that the law firm of Carpenter, Karp and Mathews represented Sidney Clein Jewelry & Optical Company, Inc., and also represented Mrs. Rose Clein, various pleadings,

both before the State Board of Workmen's Compensation and in the Superior Court, having been filed by that firm and signed by Harold Karp on behalf of both these defendants. For example, the original award by the deputy director denying compensation was entered in a case styled William Allen v. Mrs. Rose Clein and/or Sidney Clein Jewelry & Optical Company, and the deputy director held that the claimant was an employee of Mrs. Rose Clein, but that neither Mrs. Clein nor the company had ten or more employees regularly employed as contemplated by the Workmen's Compensation Act, and that, therefore, compensation was denied. This was an award equally in favor of Rose Clein, the individual, and in favor of the company. The appeal to the full board was entered in the name of William Allen, employee, against the company and/or Mrs. Clein as employer, and the award of the full board reversing the deputy director directed Mrs. Rose Clein, *employer*, to pay all reasonable and necessary medical expenses and all accrued compensation. Again, the order approving attorney's fees was styled in the name of both the company and/or Mrs. Clein, as the employer, though the award recited that Sidney Clein Jewelry & Optical Company was directed to pay the attorney one-third of the accrued compensation and every third payment thereafter. The appeal to the superior court was entered in the name of Sidney Clein Jewelry & Optical Company, Inc., alone, but was signed by Harold Karp as attorney for Rose Clein and/or Sidney Clein Jewelry & Optical Company, and thereafter all of the orders and pleadings entered and filed in the superior court were in the name of "Rose Clein et al," or "Mrs. Rose Clein," and the final order of the judge of the superior court reversing the finding and award of the full board specifically reversed the award dated December 16, 1957, which was against Mrs. Clein alone. The bill of exceptions merely denominated Sidney Clein Jewelry & Optical Company, Inc., as defendant in error. The acknowledgment of service on the bill of exceptions was signed by Mr. Karp, though it is true he signed only as the attorney for Sidney Clein Jewelry & Optical Company, Inc. As a part of his certificate to the bill of exceptions, the trial judge appended the following statement: "After considering the above matter, I am of the

opinion that the statement in the appeal, 'Sidney Clein Jewelry Company, Inc., Employer,' was an obvious inadvertence or typographical error and inasmuch as the employer was held to be Mrs. Rose Clein and the award was against her and then the subsequent award relative to payment to claimant's attorney was against Clein Sidney Jewelry & Optical Company and inasmuch as the appeal was signed by the attorney for Rose Clein and/or Sidney Clein Jewelry & Optical Company and inasmuch as all parties treated the appeal as an appeal by the employer, the appeal should not be dismissed and the appeal was therefore an appeal by the employer against whom the award was made."

"Where a bill of exceptions which can be identified as excepting to a specific judgment shall be served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court. . ." Code § 6-912. "When the record shows clearly who were parties to the litigation in the court below, the writ of error shall not be dismissed because the bill of exceptions fails to specify or designate the parties plaintiff in error or defendant in error, and if it shall appear while the case is pending in the appellate court that a necessary party has not been named in the bill of exceptions or properly served, and where no acknowledgment of service binding upon such party has been entered, the appellate court shall, by proper order, require that all necessary parties as shown by the record be served with a copy of the bill of exceptions." Code (Ann.) § 6-1202. In view of the state of the record in this case, and under the provisions of law quoted above, Rose Clein was a necessary party defendant in error in the bill of exceptions and she should have been named therein. However, since service was acknowledged by her attorney of record, no order of service or further action on the part of this court beyond merely amending the bill of exceptions and the record here to show Rose Clein as a party defendant in error will be taken. The motion to dismiss the writ of error is denied. See *Powell* v. *Young*, 56 *Ga. App.* 613 (1) (193 S. E. 358).

■ Counsel for the claimant filed in the superior court a motion to dismiss the appeal of the employer. The basis of the motion was that the questions sought to be adjudicated on the

appeal were moot because, it was alleged in the motion, Rose Clein had assumed all liability for medical, surgical and hospital bills on account of the amputation of the claimant's finger pursuant to the provisions of the award; that this assumption of liability for medical, surgical and hospital costs was a substantial compliance by the employer with the terms of the award; and, that the award had been fully complied with except for the payments of money to the claimant for his temporary total disability and for his permanent disability. The employer filed a response to this motion in which she denied the material allegations of fact contained in the motion. Two affidavits, one by the business manager of the Hughes Spalding Hospital in Atlanta, and the other by Dr. Edward D. Reisman, showed that none of the hospital bill of $101 had been paid, and that none of the doctor's bill of $150 had been paid by Sidney Clein Jewelry & Optical Company, and/or Rose Clein. Assuming, but not deciding, that the payment of these expenses would have constituted a waiver of the employer's right of appeal, the affidavits introduced failed to show the payment of any sums or the assumption of any liability by the employer. Under the circumstances, the trial court did not err in denying the motion to dismiss the appeal.

■ The evidence showed, and the full board in its award granting compensation to the claimant found, that the employer in this case was Rose Clein. The evidence further showed that there was no connection between Rose Clein's business activities and those of Sidney Clein Jewelry & Optical Company, Inc., which was a corporation. Mrs. Rose Clein owned some stock in the corporation, and the balance of the stock was held by her husband, Sidney Clein. Mrs. Clein owned a building at 132 Whitehall St., S. W., Atlanta, Georgia, which she was having remodeled so that she could establish therein a separate business venture of her own. She employed Charles Q. Strickland to supervise the remodeling job. Strickland employed four or five laborers, including the plaintiff, and kept a time sheet and payroll on those employees who were paid by Mrs. Clein directly. The claimant testified that there were more than ten persons working on the job while he was working there, but he was unable to testify and did not testify that all of the persons

working on the job were Mrs. Clein's employees. While this evidence may have raised an inference that Mrs. Clein had in her employ more than ten persons, this inference must yield to the uncontradicted testimony of both Mr. Strickland and Mrs. Clein that they at no time had more than five or six employees on their payroll, and that most of the work, such as the electrical wiring, plumbing, bricklaying, plastering, cement finishing and acoustical tile installation was done by independent contractors, each of whom was paid by Mrs. Clein on a lump-sum basis for the entire job done, and that none of their employees was subject to Mrs. Clein's or Mr. Strickland's supervision or control as to the time, manner or method of doing the job.

"The provisions of the Workmen's Compensation Act are inapplicable to employers having fewer than ten persons regularly employed in the same business in which the employee suffers an injury arising out of and in the course of employment. Code § 114-107. Under the terms of the . . . [Workmen's Compensation Act], it is not permissible, in order to ascertain whether ten or more persons are regularly employed, to add the total number of employees of two or more separate businesses. . ." *Butler* v. *Lee*, 97 *Ga. App.* 184 (2) (102 S. E. 2d 498). Under the foregoing rules of law, since the uncontradicted evidence showed that the only employees directly under the supervision and control of Mrs. Clein were the five or six carried on the payroll and time book maintained by Mr. Strickland, and that the other persons working on the job were employees of independent contractors over whom Mr. Strickland and Mrs. Clein had no right of control as to the time, manner and method of their executing the work, and over whom they did not, in fact, exercise any such control (*Adams* v. *Glens Falls Indemnity Co.*, 58 *Ga. App.* 663, 665, 199 S. E. 783), the findings of the full board that Mrs. Clein had in her employ more than ten persons and that she was, therefore, subject to the Workmen's Compensation Act, were unauthorized by the evidence, and the judge of the superior court did not err in reversing the award of the full board and in directing the board to enter an award denying compensation.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*