## WHITE *v.* MURDEN.

No. 13360.  JUNE 21, 1940.

*H. W. McLarty,* for plaintiff in error.

GRICE, Justice. Counsel for both sides argue but one question, which they treat as controlling on the issue arising on this record; and that is whether or not an allowance of alimony in money, in a decree for divorce and alimony, made solely for the use of the wife and payable in monthly instalments, would cease on her remarriage. The exact question was stated, but not decided, in *Cunningham* v. *Faulkner,* 163 *Ga.* 19 (4) (135 S. E. 403): "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him." Code, § 30-201. In *Hudson* v. *Hudson,* 189 *Ga.* 410 (5 S. E. 2d, 912), it was stated that alimony in any form is simply a support for the wife, supplied by the husband, and that it rests entirely upon the law requiring the husband to support his wife. In *Wallace* v. *Wallace,* 189 *Ga.* 220 (5 S. E. 2d, 580), following the decision in *Chero-Cola Co.* v. *May,* 169 *Ga.* 273 (149 S. E. 895, 66 A. L. R. 1469), it was held that a judgment for alimony payable in instalments created no lien as to the unmatured instalments. In *Buffington* v. *Cook,* 147 *Ga.* 681 (95 S. E. 214), the decision was: "Where in the trial of a suit for divorce the jury in the final verdict awarded to the libellant, as permanent alimony, the sum of '$35.00 per month for two years,' and where upon this verdict it was decreed that 'the plaintiff recover of defendant the sum of $35.00 per month, making a total of $840.00 to be paid as follows: $35.00 on the first day of September, 1916, and $35.00 on the first day of each subsequent month until these monthly payments aggregate the sum of $840.00, and that this judgment be a special lien on the property scheduled in the petition, until the total sum of alimony shall be paid as hereafter provided,' and the libellant died before the expiration of the period through which the monthly instalments should be paid, her administrator could not recover, in a suit instituted therefor, the balance of the sum awarded as alimony, inasmuch as the interest of the wife in the alimony set apart ceased at her death, alimony being for the support of the wife during life." The *Buffington* case was by five Justices, the majority opinion recognizing the doctrine of *Odom* v. *Odom,* 36 *Ga.* 286. The *Odom* decision was formally overruled in *Wise* v. *Wise,* 156 *Ga.* 459 (119 S. E. 410); but the *Buffington* decision was not overruled except in so far as it conflicted with the *Wise* decision. See *Deaderick* v. *Deaderick,* 182 *Ga.* 96 (3 b) (185 S. E. 89), where a suit was

brought by the husband on the alleged ground of cruel treatment. The defendant denied the acts of cruel treatment, and, after alleging certain misconduct of the husband, prayed that a divorce be denied, and that she be awarded temporary and permanent alimony for herself and their minor children. The jury found in her favor, and further found that the husband pay to her as permanent alimony $50 per month until each of the girls reached the age of twenty-one years, or were married, then $25 per month until the son reached that age or married, and then $20 per month to the wife for the rest of her natural life. In so far as the case is pertinent to the question now being dealt with, it was there ruled (after calling attention to the fact that no divorce was granted, and consequently that it was a legal impossibility for the wife to remarry at that time) that if the marital relation should be dissolved by death of the husband, thus removing the disability of the wife to remarry, her right to the monthly payments would cease. For this ruling *Buffington* v. *Cook,* supra, was cited as authority. The foregoing decisions do not harmonize with the contention that when the wife obtained her decree for the instalment payments she was put in the position of one holding against her husband a series of monthly maturing notes which had been reduced to judgment, and which no contingency except death could affect. The case of *Wise* v. *Wise* does not sustain the contention of the wife. That decision dealt with a decree that awarded to the wife specific property. Nor does the case of *Heflinger* v. *Heflinger,* 161 *Ga.* 867 (132 S. E. 85), where it was ruled that in a suit for permanent alimony it is within the power of the court to award an absolute estate in a lump sum. In *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977), it was held: "Where in the progress of a suit for a divorce, upon the application of the wife for an allowance of alimony temporary and permanent, a decree by consent of parties is rendered wherein a sum certain is awarded to the wife to be paid at stated intervals, and to be by her applied to the support of the minor children, who are by the same decree committed to her care, after the termination of the divorce suit and the rendition of a final decree therein, which was not excepted to, the decree allowing alimony passes beyond the discretionary control of the circuit judge, and he has then no authority either to abrogate it, or to modify its terms, unless the power to do so is reserved in the decree."

It is to be noted that the money there awarded was to the wife to be applied to the support of the minor children; and further, that the ruling denies to the judge any *discretionary* control over the decree, and in allowances for temporary alimony. *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (91 S. E. 415), in so far as it sheds light on the point at issue, did nothing more than to follow the *Coffee* case in holding that a decree allowing alimony passes beyond the discretionary control of the judge. In *Gilbert* v. *Gilbert*, 151 *Ga.* 520 (107 S. E. 490), nothing more was held than that a decree awarding alimony to the wife in stated sums for the wife and for the support of the children passed beyond the discretionary control of the trial judge. In none of these cases was the decree attacked on the ground that the wife had subsequently remarried. In 19 C. J. 275, § 626, it is stated: "Although the court may have power to modify, in the absence of a mandatory statute to the contrary, a divorced wife's remarriage to another does not necessarily of itself operate as a release of the former husband's obligation to pay alimony, but simply affords a cogent reason for the court to modify or vacate the order. And hence it may well furnish a ground for discharging him from further payments, or for a reduction of the alimony, especially where the wife marries a man who is able to afford her a reasonable support; and the rule applies to a decree based upon and incorporating an agreement between the parties, as well as to one founded on testimony, unless such decree shows that the award was intended to continue during the wife's life. It has been held, however, that such a remarriage does not call for a modification or vacation of an allowance for alimony, where the alimony was awarded in gross or in lieu of a substitute for all the wife's property rights, nor has the general rule been applied to alimony already accrued."

Questions identical with the one before us, and closely related, have been before the courts of other jurisdictions a number of times; and valuable and interesting discussions may be found in the annotations in 42 A. L. R. 602, 64 A. L. R. 1273, 100 A. L. R. 1262, and 112 A. L. R. 253. The majority of the decisions seem to be to the effect that the remarriage of a divorced wife does not ipso facto terminate the former obligation to pay the alimony decree; but that since alimony is allowed on the theory that it is for the support and maintenance of the divorced wife, her remar-

riage to one capable of furnishing her suitable support may in the circumstances constitute a strong ground for terminating the alimony. 17 Am. Jur. 474. But there is another and a stronger view, supported by numerous decisions, which we believe to be more sound; and that is, on the remarriage of a divorced wife her right to collect instalments of alimony payable in money, as against her first husband, terminates. In support of this view it is said: "Aside from positive unseemliness, it is illogical and unreasonable that she should have the equivalent of an obligation for support by way of alimony from a former husband and an obligation from a present husband for an adequate support at the same time. It is her privilege to abandon the provision made by decree of the court for her support under sanctions of the law for another provision for maintenance which she will obtain by a second marriage; and when she has done so, the law will require her to abide by her election, since there is no reason why she should not do so." 17 C. J. 475.

Our conclusion is that an allowance of money in a decree for divorce and alimony, made purely for the use of the wife and payable in monthly instalments, ceases upon her remarriage. It follows that the court erred in dismissing the husband's petition to have the alimony provision vacated upon his wife's remarriage, and that she be enjoined from proceeding further to collect on said alimony judgment.

*Judgment reversed. All the Justices concur, except Reid, C. J., and Atkinson, P. J., who dissent.*