35161. GEORGIA MARBLE COMPANY et al. v. McBEE.

CARLISLE, J. 1. Where, in a claim for workmen's compensation, the sole question for determination is whether the claimant's disability resulted from an accident which arose out of and in the course of his employment, and there is any evidence which would authorize the hearing director to so find and to award compensation, this court will not disturb the judgment of a superior court affirming such a finding and award of compensation. B. F. Goodrich Co. v. Arnold, 88 Ga. App. 64 (76 S. E. 2d 20), and citations.

2. Where, in such a proceeding as indicated above, there is evidence from which it may be inferred that the claimant suffered a heart attack due

to exertion while on the job, although the exertion was in the normal performance of his duties, and he was just as likely to have sustained the heart attack off the job as on, due to a congenital heart defect, the injury sustained is still compensable although the pre-existing heart condition was a major contributing factor in the injury. *Hartford Accident &c. Co.* v. *Waters,* 87 *Ga. App.* 117 (73 S. E. 2d 70), and citations; *Hardware Mutual Casualty Co.* v. *Sprayberry,* 195 *Ga.* 393 (24 S. E. 2d 315); *Georgia Power Co.* v. *Reid,* 87 *Ga. App.* 621 (74 S. E. 2d 672).

3. The fact that the claimant received payments under a group health and accident policy of insurance for the identical injury for which he now seeks compensation would not estop him in his claim for compensation. The hearing director was authorized to find that, although it was stated in the applications for the insurance that the injury was not compensable under the workmen's compensation law and the applications were signed by the claimant, the claimant was an uneducated man, who signed the applications first and they were later filled in by employees of the company, and that he did not understand the difference between the insurance and workmen's compensation.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 1, 1954—REHEARING DENIED JULY 13, 1954.

*Burt DeRieux, Marshall, Greene & Neely,* for plaintiffs in error.

*Pickett, Pickett & Pickett, Roscoe Pickett,* contra.

