35254. UTICA MUTUAL INSURANCE COMPANY *et al. v.* PIODA.

CARLISLE, J. 1. Under the evidence adduced on the hearing of the present claim for workmen's compensation, the trial director was authorized to find that the claimant's employment, at the times of his injuries, required him to perform both clerical work and manual labor, although he had originally been employed as a clerical worker; that on three separate occasions, while performing manual labor for his employer, he strained his back; that as a result of these strains to his back which caused his injuries, which arose out of and in the course of his employment, he has become totally incapacitated for manual labor; that he is capable of performing his clerical duties, but he resigned his employment altogether as he was unable to obtain satisfactory assurances from his immediate superior that if he returned to his clerical duties he would not be forced to perform those manual labor duties of the employment for which he is totally incapacitated; and that, therefore, the claimant, who had failed in his efforts to secure employment of any kind elsewhere, was totally incapacitated within the meaning of the workmen's compensation laws, because the claimant as a result of his aforesaid injuries, is unable to resume his former occupation, which involved manual labor, is unable to procure remunerative employment at a different occupation suitable to his impaired capacity, and was justified in refusing the employment offered him by his employer. The trial director did not err, therefore, in finding the claimant totally incapacitated and in awarding compensation accordingly. *Austin Brothers Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (121 S. E. 345); *Lumbermen's Mutual Cas. Co.* v. *Cook,* 69 *Ga. App.* 131 (25 S. E. 2d 67). Consequently the superior court, on appeal, did not err in affirming the award of the State Board of Workmen's Compensation, which, on appeal, affirmed the award of the trial director.

2. The fact that the claimant has applied for and is receiving *unemployment* compensation under the provisions of the Employment Security Act (Code, Ann., § 54-601 et seq.) alters nothing that has been held in division 1 of this opinion. Nor does the claimant's application for and receipt of unemployment benefits estop his claiming compensation under the Workmen's Compensation Act. Neither does it constitute an election between inconsistent remedies. The two acts are not repugnant. While each seeks the beneficent purpose of insuring the worker from economic insecurity, the two acts seek to remedy economic insecurity stemming from two entirely different sources. The Workmen's Compensation Act was enacted to protect the worker in some measure from the economic hazards consequent upon the worker's exposure to the manifold industrial hazards of today to life and health; that is to say, the Workmen's Compensation Act is in the nature of health and accident insurance against injuries which arise out of and in the course of the worker's employment. The Employment Security Act was enacted to protect the worker in some measure from the loss, through no fault of his own, of employment; that is to say, to insure the worker against loss of a place to work. While under the provisions of Code (Ann. Supp.) § 54-610 (e) (2) a worker who is receiving remuneration in the form of "compensation for temporary partial disability under the work-

men's compensation law" is disqualified to receive unemployment compensation, we find no prohibition against the receipt by a worker of workmen's compensation for total disability within the meaning of that act while he is receiving unemployment compensation.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 14, 1954—REHEARING DENIED JULY 27, 1954.

*Marshall, Greene & Neely, Burt DeRieux,* for plaintiffs in error.

*John M. Williams,* contra.