## 37029. BUTLER *v.* LEE.

TOWNSEND, Judge.  1. There is no provision of law under which payments to an employee under a company-owned health and accident insurance policy, whether for the payment of medical bills or otherwise, may be deducted from payments required under the Workmen's Compensation Act.  The hearing director did not err in failing to deduct from the amount of an award made to an employee sums received by such employee under a policy of accident insurance maintained by the employer.

2. The provisions of the Workmen's Compensation Act are inapplicable to employers having fewer than ten persons regularly employed in the same business in which the employee suffers an injury arising out of and in the course of employment.  Code § 114-107.  Under the terms of the statute it is not permissible, in order to ascertain whether ten or more persons are regularly employed, to add the total number of employees of two or more separate businesses, even though both are owned by the same person, if they are in fact separate and distinct, and if the operation of the two businesses is not a scheme or device to avoid the payment of workmen's compensation, as in *Overton-Green Drive-It-Yourself System* v. *Cook*, 65 *Ga. App.* 274 (16 S. E. 2d 50), even though both may be operated from the same address.  *Hardware Mutual Casualty Co.* v. *Collier*, 69 *Ga. App.* 235 (25 S. E. 2d 136) ; *Carswell* v. *Woodward Bros.*, 38 *Ga. App.* 152 (142 S. E. 907).

3. As to the claim involved in this record, the only question at issue was whether H. W. Butler, the employer, regularly employed in the same business in which the claimant was injured ten or more employees.  The evidence demands a finding that the employer conducted two separate businesses, one being the H. W. Butler Company which dealt in junk, pecans and miscellaneous items, and the other being Butler Trucking Lines, for which company the claimant was a truck driver.  This is true although the bookkeeper worked for both concerns and thus might properly be considered an employee of both, and although both businesses had the same office address.  This being true, the hearing director proceeded on an erroneous legal theory in awarding compensation based on a finding of fact that the combined employees of both businesses exceeded the statutory number, and the judge of the superior court accord-

ingly erred in affirming the award granting the claimant disability based on this theory.

4. The evidence discloses that there is a conflict of testimony as to the number of employees working for Butler Trucking Lines at the time of the accident, and under some of the testimony a finding that there were ten or more employees so engaged would have been authorized. Since the evidence is not clear on this point, and since it should be a relatively simple matter to ascertain the true facts on this controlling issue, the case is remanded to the Board of Workmen's Compensation with direction that the board receive such further evidence on this matter as the parties may desire to submit, and enter an award based upon its findings of fact as to the number of employees regularly in the service of the Butler Trucking Company. *Wilson* v. *Swift & Co.*, 68 *Ga. App.* 701 (23 S. E. 2d 261).

The judge of the superior court erred in affirming the award of the hearing director.

*Judgment reversed with direction. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 14, 1958.

*Robert H. Green, D. D. Veal,* for plaintiff in error.
*Milton F. Gardner,* contra.