38317. COMPLETE AUTO TRANSIT, INC. v. DAVIS.

DECIDED JUNE 6, 1960—REHEARING DENIED JUNE 20, 1960.

850

*John M. Williams,* for plaintiff in error.

*E. B. Shaw, Essley B. Burdine, Thomas M. Stubbs,* contra.

NICHOLS, Judge. The award of the State Board of Workmen's Compensation had the effect of denying the claimant compensation from October 4, 1957, though a previous award, based on an agreement, found the claimant 100% incapacitated from a compensable accident and no application for a change in such award was made prior to the request which resulted in the hearing and award in the case sub judice. Under Code § 114-711 where an award is rendered, either on a hearing or on an agreement between the parties, the same is enforceable in the superior courts until a new *award* based on a change in condition is applied for on behalf of the claimant or the employer, or until on a hearing applied for by the claimant under Code (Ann.) § 114-706, the employer shows a change in condition. See *National Surety Corp. v. Nelson,* 99 Ga. App. 95 (107 S. E. 2d 718). In *Brazier v. U. S. Fidelity &c. Co.,* 99 Ga. App. 588, 591 (109 S. E. 2d 309), it was said: "The award goes into effect and is res judicata until the condition changes and a new agreement, or a request for a hearing based on a change of condition is made." In *Gen-*

*eral Accident Fire &c. Corp. v. Teal,* 100 Ga. App. 314 (111 S. E. 2d 113), Judge Townsend in a very thorough opinion discussed the hearings authorized by Code (Ann.) §§ 114-706 and 114-709, and there, although the hearing director construed the hearing as one for a "change in condition" it was held to be a hearing authorized by Code (Ann.) § 114-706 under which the burden was on the employer to show that it was entitled to stop paying compensation because of a "change in condition." Properly construed, the hearing in the present case was under Code (Ann.) § 114-706 and the burden was on the employer, not the claimant, to show a "change in condition," for the claimant was 100% incapacitated *as a matter of law* at the time the hearing was requested. The employer, without any agreement having been entered into, or any further award by the board, had stopped paying compensation which under a prior award it was bound to pay, and which was enforceable under Code § 114-711 in the proper superior court. Therefore, since the burden was on the employer to show a "change in condition" in order to authorize an award in its behalf, either diminishing or completely stopping the compensation payments to the claimant, and the finding of fact by the full board, which in effect affirmed the single director, that the claimant had failed to carry the burden of proving a "change in condition" was unauthorized, the judgment of the Superior Court of Fulton County reversing such award was not error. The award, though possibly supported by some evidence—and this question is not passed upon—was based on an erroneous theory of law and was properly reversed by the superior court. See *Borden Co. v. Dollar,* 96 Ga. App. 489 (100 S. E. 2d 607).

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*