38439.  AMERICAN  CASUALTY  COMPANY  *et al.* v.
HERRON.

Decided October 17, 1960—Rehearing denied
October 27, 1960.

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* for plaintiffs in error.

*J. Paxson Amis,* contra.

TOWNSEND, Judge. ■ There is in this record an agreement for payment of compensation which all parties, in both appeals to this court, have treated as valid, and which the Board of Workmen's Compensation recognized in that the initial hearing scheduled in this case for December 16, 1958, was set to determine "change of condition." It has been well settled by the

decisions of this court, and there should now be no misunderstanding of the fact on the part of employers and insurance companies, that when a settlement agreement recites that payments are to be made "until terminated in accordance with the provisions of the Workmen's Compensation Law," this means that no employer, and no insurance company, can voluntarily and ex parte decide to cease paying the employee, regardless of how well founded its claim may be as a matter of fact, unless and until it is able to produce one of the following three instruments: (1) a final settlement receipt or other like agreement between the parties changing the terms of the original agreement approved by the board; (2) evidence that the statutory amount, or the amount called for under the agreement, has been paid in full, or (3) an order of the board changing or allowing discontinuance of the compensation. If the parties cannot agree, and if the employer for any reason feels that no further compensation should be paid, the employer should then make application for a hearing based on change of condition and show such fact; otherwise, it will be liable under the original agreement or award until the statutory amount has been paid in full or unless the award is altered by the Board of Workmen's Compensation, in which case the employer is liable under the original award or agreement until the date provided by such subsequent award. *National Surety Corp. v. Nelson,* 99 Ga. App. 95 (2) (107 S. E. 2d 718); *General Accident Fire &c. Corp. v. Teal,* 100 Ga. App. 314 (111 S. E. 2d 113). The reasons lying behind this construction of the act are, first, that the workmen's compensation law is to be given a liberal construction in favor of the rights of the employee; second, that the courts have uniformly held that an award or approved agreement is res judicata until reversed or superseded by a subsequent award; third, that the statute grants to such awards the attributes of final judgment and provides for their enforcement by execution through the superior courts of this State, and, lastly, that if the law were otherwise there would be no orderly procedure for enforcing awards once entered, as the employer could cease paying at any time he or it desired and throw upon the claimant the burden of demanding a new hearing and again assuming the burden of

proving his case in spite of the judgment already rendered in his favor.

In the present case, the plaintiffs in error obtained a judgment that the claimant had fully recovered from the hernia suffered in their favor by the full board dated March 8, 1960, finding on April 2, 1958. This court in *American Cas. Co. v. Herron,* 100 Ga. App. 661 (3) supra, held, on the same record, that the evidence would authorize such an award and that decision is the law of this case.

■ The board on March 8, 1960, entered an award finding from evidence presented to it at a hearing on December 16, 1958, that "the claimant has completely recovered from the incident of his hernia," without stating any particular date when such recovery took effect. The judge of the superior court ordered that judgment be entered in favor of the claimant from June 17, 1958, the date payments were discontinued to the date of the last award. We are persuaded that both judgments were incorrect, in the manner in which they seem to have been construed by the court and the parties, insofar as they relate to the time for the cessation of weekly payments of compensation under the award. The award of March 8, 1960, was construed to mean that the claimant was entitled to no compensation after June 17, 1958, but nothing appears in this record which justified the insurance carrier in ceasing payments at the time and in the manner in which it did so, and the agreement, having the same effect as an award, was final and conclusive until further action was taken modifying it as set out in the first division hereof.

In this connection, Rule 17 of the Board of Workmen's Compensation has been called to our attention, which provides as follows: "Compensation cannot be discontinued after an award has been made or an agreement between the parties approved until the full award has been paid. In case the award is made during disability, such disability is presumed to last until the employee returns to work. However, in the event the insurance carrier or employer desires to stop payment of compensation, the insurance carrier or employer must file an application to discontinue the payment of compensation setting forth the reasons and

serve notice upon the employee, or file an Application for Hearing with the Board. Upon the request to discontinue the payment of compensation the Board will issue notice allowing the insurance carrier to stop payment of compensation and will place the case on the calendar for hearing if necessary. An Application for Hearing automatically allows the insurance carrier to stop the payment of compensation until the question at issue has been adjudicated. In the event application is made for hearing on the ground of change of condition, the application must state specifically the nature and extent of the alleged change in condition. Every Approval of Agreement will be treated as an award."

The rule-making power of the Board of Workmen's Compensation is found in *Code* § 114-703, which provides that the board "may make rules, not inconsistent with this Title, for carrying out the provisions of this Title." Whether or not a portion of the rule above quoted, which authorizes an employer to suspend payments pending application for hearing, exceeds the power delegated is not before us for decision at this time. It is obvious that nothing contained in the rule allowed the carrier to cease payments in June, 1958, without application for hearing, contrary to the provisions of the agreement to pay compensation, and without obtaining from the board any order authorizing it to suspend such payments. The insurance carrier never did make an application for hearing, as was its duty if it felt that the claimant's disability had ceased. It cannot take advantage of its own wrong by now contending that it was entitled to cease payments prior to a hearing and adjudication by the board on this question.

It is true, however, that the award of the board of March, 1960, was based entirely on evidence adduced at the hearing on December 16, 1958, except for one subsequent deposition which, however, related to a medical examination prior to that date. There is accordingly no evidence in this record which would authorize a finding that the disability, which the board found to have ceased, ceased at a time subsequent to December 16, 1958. The employer is not entitled, as a matter of law and in the absence of a finding to such effect by the board, to an award

allowing for the cessation of compensation payments prior to the hearing.

The board's award finding that disability had ceased, properly construed, relates back to the date of hearing, and this leaves the employer and its insurance carrier in arrears for payment of compensation from June 17, 1958, to December 16, 1958. The Judge of the Superior Court of Whitfield County accordingly erred in reversing the award of the board, but a proper judgment would have been a judgment of affirmance with direction that the award of March 8, 1960, be amended to state that the terms thereof are effective as of December 16, 1958, the date of hearing.

*Judgment reversed with direction. Carlisle and Frankum, JJ., concur.*