39157. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY *et al.* v. DERWAEL.

DECIDED DECEMBER 5, 1961.

*Lee R. Williams,* for plaintiffs in error.

*Carey C. Carter, Jr.,* contra.

FELTON, Chief Judge. The plaintiffs in error defend their cessation of compensation payments under the memorandum of agreement to the defendant in error on December 21, 1960, by the contention that by operation of *Code Ann.* § 114-406, the claimant was entitled to compensation for total incapacity for work, as provided in § 114-404, for only ten weeks and therefore they were not obligated to make payments beyond this ten-week period. These two Code sections are not mutually exclusive, except as to the first ten weeks of payment, which must be credited to total incapacity to work under § 114-404. After this ten week "healing period," § 114-406 (o) provides for an additional 225 week period of payment of compensation for the loss of a leg, and total loss of the use of a leg has been held equivalent to the loss of the leg. *Roddy v. Hartford Accident & Indem. Co.,* 65 Ga. App. 632 (16 SE2d 81).

Even if the time limit for the payment of compensation had been reached on October 17, 1960, by operation of law, as the plaintiffs in error contend, they would not have been justified in ceasing to make such payments at their own election. Indeed, the fact that the payments were continued through December 21, 1960, over two months beyond the ten-weeks limit, refutes the idea that they believed that their obligation to continue the pay-

ments terminated at the ten weeks limit. "An award of the State Board of Workmen's Compensation, whether based on agreement or on evidence adduced at a hearing, is res judicata until a new agreement is entered into between the parties or application is made for a hearing to show a 'change in condition,' or the employer shows a change in condition on a hearing held under *Code Ann.* § 114-706." *Complete Auto Transit v. Davis,* 101 Ga. App. 849 (115 SE2d 482). This court has held that "when a settlement agreement recites that payments are to be made 'until terminated in accordance with the provisions of the Workmen's Compensation Law,' this means that no employer, and no insurance company, can voluntarily and ex parte decide to cease paying the employee, regardless of how well founded its claim may be as a matter of fact, unless and until it is able to produce one of the following three instruments: (1) a final settlement receipt or other like agreement between the parties changing the terms of the original agreement approved by the board; (2) evidence that the statutory amount, or the amount called for under the agreement, has been paid in full, or (3) an order of the board changing or allowing discontinuance of the compensation. If the parties cannot agree, and if the employer for any reason feels that no further compensation should be paid, the employer should then make application for a hearing based on change of condition and show such fact; otherwise, it will be liable under the original agreement or award until the statutory amount has been paid in full or unless the award is altered by the Board of Workmen's Compensation, in which case the employer is liable under the original award or agreement until the date provided by such subsequent award. [cases cited]." *American Casualty Co. v. Herron,* 102 Ga. App. 658, 660 (117 SE2d 172). In *Brazier v. U. S. Fidelity &c. Co.,* 99 Ga. App. 588, 591 (109 SE2d 309), it was said: "The award goes into effect and is res judicata until the condition changes and a new agreement, or a *request for a hearing* based on a change of condition is made." (Italics ours). The filing of a petition for a hearing to change the terms of a memorandum of agreement automatically allows the insurance carrier to stop the payment of compensation until the question at issue has been adjudicated by the board.

*National Surety Corp. v. Nelson*, 99 Ga. App. 95, 97(2) (107 SE2d 718). Since none of the above-mentioned conditions existed at the time when the defendants stopped making the payments, they remained liable under the original agreement up until the date of their application to the board for a hearing to show a change in condition. The complaint of the plaintiffs in error as to the necessity of their defending the same issue in two different courts is not valid, since the issue before the superior court, i. e., whether or not the plaintiffs in error were liable for payments of compensation up to the date of their application to the board, was different from the issue presented to the board by their application for a hearing, which was whether the payments should be ended, diminished, or increased subsequently to the application.

The court did not err in rendering any of the judgments excepted to.

*Judgments affirmed. Bell and Hall, JJ., concur.*