### 39278.  PACIFIC EMPLOYERS INSURANCE COMPANY *et al.* v. SHOEMAKE.

CARLISLE, Presiding Judge.  1. Except in cases involving the loss of or loss of use of a member arising under provisions of *Code Ann.* § 114-406, the Workmen's Compensation Act does not contemplate the payment of compensation to an employee except in cases of actual total or partial disability. *Code Ann.* § 114-404.

2. However, an approved agreement or an award of the board providing for the payment of compensation on account of total disability is res judicata as to the existence of such disability and the compensation due thereunder until such time as it is set aside either by an approved final settlement receipt or by a subsequent award entered under the provisions of *Code Ann.* § 114-706 finding a change in condi-

tion. *Code* § 114-106; *Code Ann.* § 114-709. *Hartford Accident &c. Co. v. Brennan,* 85 Ga. App. 163 (68 SE2d 170); *National Surety Corp. v. Nelson,* 99 Ga. App. 95, 97 (2) (107 SE2d 718); *General Accident &c. Corp. v. Teal,* 100 Ga. App. 314 (1) (111 SE2d 113); *Complete Auto Transit, Inc. v. Davis,* 101 Ga. App. 849 (115 SE2d 482); *Bituminous Cas. Corp. v. Vaughn,* 103 Ga. App. 660 (120 SE2d 190).

3. Under the foregoing authorities, the employer, or insurance carrier, may not unilaterally discontinue payments of compensation being made pursuant to an approved agreement or an award of the board without first filing application with the board to discontinue the payment of compensation. *American Cas. Co. v. Herron,* 102 Ga. App. 658, 661 (2) (117 SE2d 172). Under Rule 17 of the Rules and Regulations of the State Board of Workmen's Compensation as published by the authority of the board, the board may in its discretion permit the discontinuance of compensation payments pending hearing of such application therefor. It is the application, filed on behalf of either party, which gives the board jurisdiction to enter the subsequent award, modifying or setting aside the original award. Under the principle that such subsequent award cannot be entered retroactively (*South v. Indemnity Ins. Co.,* 39 Ga. App. 47, 48 (4), 146 SE 45), any award entered pursuant to such application cannot be effective to modify or set aside the previous award as to any time prior to the date of the application therefor.

4. Accordingly, in the instant case where the record shows that the employer, after paying compensation under an approved agreement entered into on March 4, 1959, unilaterally terminated the payment of such compensation on July 16, 1959, without applying to the board for permission to do so, the subsequent entry by the deputy director of an award terminating compensation as of the date the employer stopped payment was in excess of the board's authority, but since the evidence authorized a finding that the claimant was in fact able to return to work as of the date he applied for a hearing (October 8, 1959), the award was legal insofar as it authorized the discontinuance of such payments after that date and the judgment of the superior court reversing and setting aside such an award insofar as it held that the claimant was disabled as a matter of law up to the date of the

award (April 20, 1960) was not authorized by law. The judgment of the superior court is, therefore, affirmed on condition that it be modified so as to direct the entry of an award providing for the payment of compensation only through October 8, 1959. Otherwise, the judgment is reversed.

*Judgment affirmed on condition. Eberhardt and Russell, JJ., concur.*

DECIDED MARCH 1, 1962.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* for plaintiffs in error.

*Murphy & Murphy, Thomas B. Murphy,* contra.