### 39352. OCEAN ACCIDENT & GUARANTY COMPANY *et al.* v. HULSEY.

CARLISLE, Presiding Judge. 1. While it has been held that the disability for which compensation is payable under the provisions of the Workmen's Compensation Act is the economic disability which the employee suffers as the result of an injury, this economic disability is to be measured solely by the difference in the *earning* capacity of the employee before and after the injury. Accordingly, income received by the employee from outside sources and in no way attributable to his earning capacity is not to be taken into account by the board in fixing the amount of compensation for the period of disability which the employee suffers. *Georgia Marble Co. v. McBee,* 90 Ga. App. 406 (1) (83 SE2d 253); *Utica Mutual Ins. Co. v. Pioda,* 90 Ga. App. 593 (2) (83 SE2d 627); *Butler v. Lee,* 97 Ga. App. 184 (1) (102 SE2d 498). See also Anno. 119 ALR 920, et seq.

2. Under the foregoing authorities, the fact that the employee after receiving an injury returned to school under the so-called G. I. Bill, and received compensation thereunder in aid of his living expenses and out of which he was to pay his tuition and buy books, etc., had no bearing on whether he was in fact economically disabled. Accordingly, to the extent that the deputy director's award in this case may be interpreted as denying compensation because of the employee's receipt of such benefits it was illegal and the superior court properly reversed it.

3. However, the evidence did not demand a finding that the

480

employee was in fact disabled and it was, therefore, not proper for the superior court, after reversing the award, to direct the entry of an award of compensation to the employee. Unless the evidence demands a finding that compensation in a particular amount is due, jurisdiction to find the amount due and enter an award in accordance with such findings is exclusively with the board. The case should have been remanded to the board with directions that it determine whether or not the employee was disabled in fact, without regard to the receipt of outside payments, and to make an award based on that determination. Since the judgment of reversal was correct, it is affirmed on condition that it be modified so as to strike therefrom the provision directing the entry of an award of compensation. Otherwise, the judgment is reversed.

*Judgment affirmed on condition. Eberhardt and Russell, JJ., concur.*

DECIDED MARCH 7, 1962.

*Smith, Field, Ringel, Martin & Carr, Richard D. Carr, W. Dent Acree,* for plaintiffs in error.

*James I. Parker,* contra.