### 39288. SANDERS v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED MARCH 7, 1962.

*Noah J. Stone, Hugh W. Stone,* for plaintiff in error.

*Woodruff, Latimer, Savell, Lane & Williams, John M. Williams, Benj. B. Blackburn, III,* contra.

CARLISLE, Presiding Judge. ■ It is now well established

that, where the State Board of Workmen's Compensation enters an award or approves an agreement providing for the payment of compensation at a specified rate per week during disability or continuing "until terminated in accordance with the provisions of the Workmen's Compensation law," such an award or approved agreement is res judicata as to the right of the employee to receive, and as to the obligation of the employer, or insurance carrier, to pay compensation at the specified rate until (1) the employee signs a final settlement receipt or other like agreement changing the terms of the original agreement and such agreement is approved by the board; or, (2) the statutory amount, or the amount called for under the award or agreement has been paid in full; or, (3) an order of the board changing or allowing discontinuance of the compensation is applied for. *American Casualty Co. v. Herron,* 102 Ga. App. 658, 659 (1) (117 SE2d 172); *Bituminous Casualty Corp. v. Vaughn,* 103 Ga. App. 660 (120 SE2d 190).

Where an employee files an application in the superior court for a judgment and execution under the provisions of *Code* § 114-711, and upon the trial thereof it appears that the employer and insurance carrier have failed or refused to pay all of the compensation due under the award or pursuant to the approved agreement of the board, the court has no discretion in the matter and it is mandatory that it enter judgment and issue execution for the amount shown by the evidence to be due. This was so held by the Supreme Court of Appeals of Virginia in Richmond Cedar Works v. Harper, 129 Va. 481 (106 SE 516), and in Parrigen v. Long, 145 Va. 637 (134 SE 562) (construing § 62 of the Virginia Workmen's Compensation Act, which is substantially the same as *Code* § 114-711).

In the instant case, the employee filed an application or motion for a judgment and fi. fa. on June 19, 1961, and attached thereto an approved agreement providing for the payment of compensation at the rate of $30 per week, beginning on the 19th day of May, 1960, and continuing "until terminated in accordance with the provisions of the Workmen's Compensation law." On the trial of this motion, the parties stipulated that compensation in the amount of $280 was paid under said agreement,

and that the employee applied for a hearing on September 8, 1960, and that the matter is now pending before the State Board of Workmen's Compensation. In view of such stipulation, a finding was demanded that the employee was entitled to compensation at the rate of $30 per week from the date specified in the approved agreement, at least until September 8, 1960, and that the full amount had not been paid. Under the authorities first cited, the approved agreement was res judicata as to the right of the employee to receive compensation at the rate specified until such time as the board's jurisdiction was invoked by one of the parties to make a further determination of such right. *Pacific Employers Ins. Co. v. Shoemake*, 105 Ga. App. 432 (124 SE2d 653). The claimant, by filing an application September 8, 1960, for a rehearing, reopened the question and invoked a ruling by the board as to his right to receive compensation after that date, and that action vested the board with jurisdiction to decide that issue. He was, therefore, not entitled to compensation beyond September 8, 1960, and until August 4, 1961, as prayed for in his amendment, until so determined by the board, and the judgment of the superior court to the extent that it denied a judgment and execution for compensation beyond September 8, was not error.

■ Under the authorities announced in the preceding division, the fact that the employee was pronounced able to return to work on July 8, 1960, that he applied for unemployment compensation on July 8, 1960; that he had benefits postponed five weeks due to voluntarily quitting his former employer, and that he went to work for another employer on August 22, 1960, were all irrelevant facts as affecting his right to receive compensation under the approved agreement which had not been modified or terminated in accordance with law. The judge of the superior court erred in admitting in evidence the employer's stipulation as to these facts over the objection that they did not illustrate any issue in the case and were not authorized by the pleadings.

The case is reversed and remanded to the superior court with direction that the judge hear evidence and ascertain the amount of compensation due the employee under the provisions of the approved agreement through and including September 8, 1960,

and that judgment in such amount be entered and execution issued thereon if the same shall be unpaid.

*Judgment reversed with direction. Eberhardt and Russell, JJ., concur.*