39441, 39442. ANGLIN v. ST. PAUL-MERCURY INDEMNITY COMPANY et al. (two cases).

DECIDED JULY 11, 1962—REHEARING DENIED JULY 26, 1962.

*Albert P. Feldman, John W. Rogers, Leon Boling,* for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, Glover McGhee,* contra.

HALL, Judge. 1. The Workmen's Compensation Act provides procedures for obtaining modification of compensation payable under an agreement approved by the State Board of Workmen's Compensation. *Code Ann.* § 114-706 provides that if the employer and the injured employee "disagree as to the continuance of any weekly payment under such agreement, either party may make application to the Board for a hearing in regard to the matters at issue, and for a ruling thereon. Immediately after such application has been received, the Board shall set a date for a hearing, which shall be held as soon as practicable. . ." *Code Ann.* § 114-709 provides that ". . . upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, within two years from the date that the Board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the Board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, . . ." Our attention has been called to Rule 17 of the State Board of Workmen's Compensation, which provides: ". . . Compensation cannot be discontinued after an award has been made or an agreement between the parties approved until the full award has been paid. In case the award is made during disability, such disability is presumed to last until the employee returns to work. However, in the event the insurance carrier or employer desires to stop payment of compensation, the insurance carrier or em-

ployer must file *an application to discontinue the payment of compensation setting forth the reasons and serve notice upon the employee,* or file an Application for Hearing with the Board. Upon the request to discontinue the payment of compensation the Board will issue notice allowing the insurance carrier to stop payment of compensation and will place the case on the calendar for hearing if necessary. An Application for Hearing automatically allows the insurance carrier to stop the payment of compensation until the question at issue has been adjudicated. In the event application is made for hearing on the ground of change of condition the application must state specifically the nature and extent of the alleged change in condition. Every Approval of Agreement will be treated as an award." (Emphasis supplied).

The validity of the portion of Rule 17 which authorizes an employer to suspend payments pending an application for hearing has been questioned. *American Cas. Co. v. Herron,* 102 Ga. App. 658, 662 (117 SE2d 172). Assuming but not deciding that there are some situations in which an application to discontinue payments in accordance with Rule 17 might properly be granted, the provision authorizing the insurance carrier or employer to "file an application to discontinue the payment of compensation setting forth the reasons and serve notice upon the employee . . ." does not follow the procedure outlined in *Code Ann.* § 114-706 and *Code Ann.* § 114-709, concerning an application for a change in condition. The employer's letter of February 15, 1956, to the board, referred to in the record, cannot by any stretch of the imagination be construed as an application for hearing as contemplated by *Code Ann.* § 114-706 or *Code Ann.* § 114-709. This letter and the employer's letter of December 27, 1960, requesting a hearing, show on their face that the earlier letter was intended as a mere application to discontinue the payment of compensation under Rule 17.

Under previous decisions of the court, a party to an award may, by filing an application for a hearing, reopen the question and invoke a ruling by the board as to the right to receive, or the obligation to pay, compensation after the date of the application, which vests with the board jurisdiction to decide the issue.

*Sanders v. American Mut. Liab. Ins. Co.*, 105 Ga. App. 472 (124 SE2d 923); *Pacific Employers Ins. Co. v. Shoemake*, 105 Ga. App. 432, 433 (124 SE2d 653); *Complete Auto Transit, Inc. v. Davis*, 106 Ga. App. 369 (126 SE2d 909). A new award entered on the basis of a change in condition "cannot be effective to modify or set aside the previous award as to any time prior to the date of the application therefor." *Pacific Employers Ins. Co. v. Shoemake*, 105 Ga. App. 432, 433, supra; *National Surety Corp. v. Nelson*, 99 Ga. App. 95, 98 (107 SE2d 718); *Sanders v. American Mut. Liab. Ins. Co.*, supra; *Complete Auto Transit, Inc. v. Davis*, 101 Ga. App. 849, 850 (115 SE2d 482).[1] The board was authorized in the present case to enter an award finding a change of condition and discontinuing compensation. However, the board was not authorized to make the new award effective prior to the date of a request for hearing. *Bituminous Cas. Corp. v. Vaughn*, 103 Ga. App. 660 (120 SE2d 190).

2. The evidence at the hearing showed that the claimant following the discontinuance of compensation payments went to work for another employer in December 1955, and that during the years 1955 through 1960 he had worked intermittently for different employers, including the employer who is a party to the award.

---

[1]We recognize that the following cases have allowed an award on the finding of a change in condition to be made effective from the time the change took place rather than from the time the application for hearing was filed: *Bituminous Cas. Co. v. Dyer*, 62 Ga. App. 279 (7 SE2d 415); *Travelers Ins. Co. v. Hammond*, 90 Ga. App. 595 (4) (83 SE2d 576); *Chevrolet Div. Gen. Mtrs. v. Dempsey*, 97 Ga. App. 309 (103 SE2d 81). It is the opinion of this writer that the true intent of *Code Ann.* § 114-709 was merely to prohibit the retroactive effect of a new award "as regards any moneys paid," i.e., that the new award could relate back to the actual date of the change in condition subsequent to the original (or first) award provided "moneys paid" cannot be recovered. This would be true as to both the employer and the employee. However, this court was unwilling in *Complete Auto Transit, Inc. v. Davis*, supra, to take this position in the face of authorities cited in that opinion by the whole court.

Whether or not the employer may be entitled to credits on account of wages earned by the claimant was not passed on by the board and is not now before this court for review. For cases dealing with credits for wages earned subsequently to an award, see *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369, supra) ; *Lumbermen's Mut. Cas. Co. v. Cook,* 69 Ga. App. 131 (25 SE2d 67) ; *Sears Roebuck & Co. v. Wilson,* 215 Ga. 746, 753 (113 SE2d 611).

There is no merit in claimant's contention that the judgment of the superior court based upon the original award of the State Board of Workmen's Compensation precludes the board thenceforth from making any award not conforming to the superior court judgment. The proceeding in the superior court is merely a continuation of the proceeding before the board for enforcing an award of compensation. *Camp v. United States Fidelity &c. Co.,* 42 Ga. App. 653, 654 (157 SE 209). The section of the Workmen's Compensation Act which authorizes this proceeding includes the provision: "Upon presentation to the court of a certified copy of a decision of the Board ending, diminishing or increasing a weekly payment under the provisions of this Title, particularly of section 114-709, the court shall revoke or modify the order or decree to conform to such decision of the Board." *Code* § 114-711.

In Case No. 39442, the judgment of the superior court affirming the award of the State Board of Workmen's Compensation is reversed, with direction that the superior court remand the case to the board with instruction that the award be modified in accordance with this decision.

Since the award of the State Board of Workmen's Compensation in Case No. 39442 was the evidence upon which the trial court vacated the judgment in Case No. 39441, and that award must be modified in accordance with this decision, the order vacating the judgment in Case No. 39441 is reversed without prejudice to either party to assert hereafter any legal remedy to obtain modification of the judgment, including that provided by *Code* § 114-711.

As other assignments of error in Case No. 39441 may become moot, they are not passed on.

*Judgments reversed (one with direction).  Felton, C. J., and Bell, J., concur.*