40017.   UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. DAVIS.

DECIDED JUNE 5, 1963—REHEARING DENIED JUNE 21, 1963.

*McCamy, Minor & Vining, Carlton McCamy,* for plaintiffs in error.

*Mitchell & Mitchell, D. W. Mitchell,* contra.

NICHOLS, Presiding Judge. 1. The motion of the employer and insurance carrier to remand the case to the State Board of Workmen's Compensation sought to have an adjudication made by the board that the original award, based upon an agreement between the parties, was not res judicata in that the claimant was not entitled to the accrued compensation because the original award showed an injury to a specific member and the extent of disability had not been determined by the board. Under the numerous decisions that an agreement to pay compensation approved by the board is res judicata and could only be ended or modified upon a hearing to determine a change in condition, except where a new agreement is approved by the board or all payments ordered by such award are paid, the motion to remand was properly dismissed. See *Employees Mut. &c. Ins. Co. v. Derwael,* 105 Ga. App. 54 (123 SE2d 345). It was there held that even though the original award, based upon an agreement, showed an injury to a specific member such award continued to be effective and res judicata the same as an award based on a total incapacity to labor.

2. The answer of the employer and insurance carrier was properly stricken on the claimant's oral motion to dismiss. In

*Sanders v. American Mut. Liab. Ins. Co.,* 105 Ga. App. 472 (124 SE2d 923), Presiding Judge Carlisle said, speaking for the court, that upon a hearing in the superior court, in which a claimant was seeking to have a judgment rendered on an approved agreement, it was error to admit in evidence stipulations which showed the claimant had been pronounced able to return to work, that he had had unemployment benefits postponed five weeks because he voluntarily quit his former employer, and that he had gone to work for another employer before a hearing based upon a change in condition had been requested.

In *Bituminous Cas. Corp. v. Vaughn,* 103 Ga. App. 660 (120 SE2d 190), it was held, Judge Eberhardt writing the opinion, that even an equitable defense was properly stricken which sought to show the claimant had been pronounced "recovered" by the attending physician, that he had gone to work for another employer and had acquiesced in the decision of the insurer and employer to stop compensation payments by not objecting for over two years. In that opinion it was said: "Under such circumstances the employer or its insurance carrier can have no defense except by virtue of (1) a final settlement receipt or other like agreement between the parties changing the terms of the original agreement, approved by the board, or (2) evidence that the statutory amount, or the amount called for by the agreement, has been paid in full, or (3) an order of the board changing or allowing a discontinuance of the compensation. *American Cas. Co. v. Herron,* 102 Ga. App. 658 (117 SE2d 172). An answer setting up the equitable defense such as here will not avail, for 'equity aids the vigilant, not the slothful.' *Raines v. Clay,* 161 Ga. 574, 578 (131 SE 499). No sufficient reason appears why, if a final disposition of the matter was desired, the employer or the insurance carrier did not request a hearing by the board, as it was authorized by law to do, and failure so to do was at their own peril. *City of Hapeville v. Preston,* 67 Ga. App. 350 (20 SE2d 202). See also *Complete Auto Transit v. Davis,* 101 Ga. App. 849 (115 SE2d 482). There was no error in striking the answer on motion and entering up judgment for the unpaid installments."

These decisions follow and adhere to the principles announced

in the decision of the Supreme Court in *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611), which authorize credit for wages paid during the continuance of a prior award but which prohibit a showing that the claimant's condition changed at a time prior to the time a hearing is requested on a "change in condition," and the decision of this court in *Lumbermen's Mut. Cas. Co. v. Cook,* 69 Ga. App. 131 (25 SE2d 67), which approved findings which in effect held that the claimant's condition changed prior to the filing of the application for a "change in condition" hearing being in conflict with the decision of the Supreme Court, supra, can not be followed.

As further evidence of the fact that only wages paid by the employer (for whom the claimant worked at the time he was injured), are deductible from the amount due under the original award it should be noted that in *Butler v. Lee,* 97 Ga. App. 184 (102 SE2d 498), it was held that benefits paid the employee under an accident insurance policy maintained by the employer are not deductible. In *Utica Mut. Ins. Co. v. Pioda,* 90 Ga. App. 593 (83 SE2d 627), it was held that the fact that the claimant was receiving unemployment benefits would not estop him from receiving compensation benefits under the Workmen's Compensation Act, and in *Ocean Acc. &c. Co. v. Hulsey,* 105 Ga. App. 479 (125 SE2d 115), it was held that benefits received under the "so-called G. I. Bill" would not estop him from receiving workmen's compensation benefits.

The reason for the above holdings, we believe, are well stated by the Louisiana Court of Appeals in McKenzie v. Standard Motor Car Co. (La. App.) 15 S2d 115, 118, as follows: "We are of the opinion . . . that there is a difference in the matter of allowing wages to take the place of compensation depending on whether the injured employee continued to work for the same employer he was working for at the time he was injured or was working for someone else. As long as he is receiving wages from the same employer which are the equivalent of or in excess of the amount of compensation he is entitled to, he is getting that from the party who insured him against his disability and who owes him compensation. On the other hand, when he goes to work for some other employer, under the same circumstances, he is receiv-

ing wages from a party who owes him nothing in the way of compensation as he had never insured him against disability on the job he was injured on, and the total amount he receives therefore bears no relation whatever to the compensation he is entitled to recover from the original employer, or his insurer, and which has already been established."

The Supreme Court in *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, supra, did not hold that the employer would be entitled to credit for *wages earned by the employee*, but that the employer would be entitled to "credit for wages paid."

Moreover, to permit the "liable" employer to show that the claimant has gone to work and earned compensation from another employer (and then to take credit for such compensation earned by the claimant), would be to allow the employer to show that there had been a change in condition without a hearing on such issue even though such original award or approved agreement is res judicata. This would permit the employer to circumvent the original award indirectly when he cannot (under the decision of the Supreme Court in *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, supra), do it directly.

The superior court did not err in striking the employer's and insurance carrier's answer which sought to set up as credits against the accrued compensation items other than wages paid by the employer, and in entering a final judgment for the accrued compensation.

*Judgment affirmed. Carlisle, P. J., concurs. Bell, Hall and Eberhardt, JJ., concur specially. Felton, C. J., Frankum, Jordan and Russell, JJ., dissent.*

EBERHARDT, Judge, concurring specially. The primary problem presented in this appeal is whether or not an employer, against whom there is an unmodified award for the payment of workmen's compensation, is entitled to credit for wages paid *by another employer* to the claimant. The specific question was recognized but not answered in *Anglin v. St. Paul-Mercury Indem. Co.*, 106 Ga. App. 395, 400 (126 SE2d 913) and *Zurich Ins. Co. v. Cooper*, 106 Ga. App. 437 (127 SE2d 165). By no means is its solution clearly shown by either of the cases cited to this effect in the dissent.

The matter of credit for wages paid *by the same employer* was conclusively answered by this court, with all the judges concurring, in *Complete Auto Transit v. Davis*, 106 Ga. App. 369 (126 SE2d 909). It was there held that where "the wage received during the period of re-employment is equal to or in excess of that which the employee was receiving at the time of his injury the credit will offset all liability [of the original employer] for compensation during that period." *Davis*, supra, at 371. The use of the word "liability" was intentional and the word appears throughout the *Davis* opinion. The liability is that of the original employer and is his legal obligation. To say that an amount paid by one not legally obligated to pay is a "credit" against another's liability is a novel proposition unsupported by any statutory or case law that we know of or have had called to our attention.

It is interesting to notice that Larson, one of the leading authorities in the compensation field, in his treatise says: "[T]here are two other situations in which the credit rule never applies. *One is the receipt of wages from some other employer.* Such wages may be relevant to a controversy on whether the employee is suffering from diminished earning capacity, but they have no connection with the present problem, which is whether the payor of wages shall himself be credited with the payment against his own compensation liability. The other situation . . . is that of schedule injuries." 2 Larson, Workmen's Compensation § 57.46 (1961 Ed. & Supp.) (footnotes omitted, emphasis supplied).

Furthermore, this situation must be viewed in the context of the res judicata cases. These cases, which are legion, hold that the condition of the claimant is res judicata after a proper award until a change in condition is found under *Code Ann.* § 114-709. The cases are mentioned and analyzed in Judge Nichols' opinion here and also in *Davis* and *Anglin*, supra. If the res judicata principle remains the law, the "employee's election" idea advanced in the dissent cannot stand. There is nothing in *Davis* remotely suggesting that the employee "election" is the basis of the credit granted.

The result reached by Judge Jordan in his dissent has the ap-

parent appeal of not allowing an employee to have his cake and eat it too, something akin to a double recovery for an injury. Frankly, we wish that we could reach the result he advances. We have expressed here our view, not our sentiment. In this area, the courts have been left with no specific statutory guides. The *Davis* case result represents the outermost limit within the decided authorities that this court can reach. Further to extend *Davis* in search of a given result would ignore the premise on which it rests. While often "The reason the decisions are not consistent is that policy considerations, not always apparent on the surface, are powerful agents of decision,"[1] we are not free here to apply policy considerations to reach the dissent's result.

The alleviation of any inequity in this decision addresses itself to statutory enactment by the legislature or, possibly, to rule-making by the Board of Workmen's Compensation. See *Code* § 114-703(A). The treatment by the courts of a board award like a common law judgment has given rise to a number of situations like this[2] which the legislature could easily remedy by giving the board continuing jurisdiction of matters before it. Another possibility is that either the legislature or the board might require that an employee who has an award give the original employer notice when he takes a job with another employer, or in default lose his right to compensation payments. Other solutions may be possible, but none of them are available in this court.

I am authorized to say that Bell and Hall, JJ., concur in this opinion.

---

[1] Per Douglas, J., dissenting in Malone v. Bowdoin, 369 U.S. 643, 648 (82 SC 980, 8 LE2d 168).

[2] The rule that a change of condition award under *Code Ann.* § 114-709 cannot be retroactive is an example. See the discussion in *Davis,* supra, at 373, footnote 2, and *Anglin,* supra, at 399, footnote 1. The other end of the spectrum is illustrated by *St. Paul Fire Ins. Co. v. Bridges,* 106 Ga. App. 621 (127 SE2d 699) where it was held that an approved award could not be modified on the grounds of fraud, accident or mistake even within 30 days of the approval because the board lacked jurisdiction. The continuing jurisdiction idea is discussed in this case and said to be a matter for the legislature.

JORDAN, Judge, dissenting. The only quarrel I have with the majority opinion is that part of Division 2 which holds that an employer is not entitled to credit against his liability for the payment of compensation on account of wages paid by another employer during the period of disability.

This issue is squarely presented by the pleadings and ruling of the trial court in this case. Both this court and the Supreme Court have made it clear than an employer, while being bound to continue payments under an award, is entitled to credit for wages paid during the period of re-employment. *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, 753 (113 SE2d 611); *Complete Auto Transit v. Davis*, 106 Ga. App. 369 (126 SE2d 909).

It is clear that the *Sanders*, *Vaughn*, and *Herron* cases, cited in the majority opinion, have absolutely no bearing on the issue here involved for, as was pointed out in the *Davis* case, supra, in none of these cases was the issue raised as to what credit, if any, the employer may be entitled to have against his liability for the compensation payments on account of wages paid.

Neither is *Butler v. Lee*, 97 Ga. App. 184 (102 SE2d 498); nor *Utica Mut. Ins. Co. v. Pioda*, 90 Ga. App. 593 (83 SE2d 627); nor *Ocean Acc. &c. Co. v. Hulsey*, 105 Ga. App. 479 (125 SE2d 115), all cited in the majority opinion, in point here since none of these cases dealt with *wages* received by the claimant during the period of disability. The only case cited in the majority opinion which supports the conclusion reached therein is the Louisiana Court of Appeals case.

The reasoning behind the credit for wages paid rule is based on the theory that the employee, though returning to work, was not actually earning his wages and therefore the wages paid him during such re-employment period were actually intended by the employer to be in the nature of a gratuity and in lieu of the payment of compensation.

This rationale has not been followed by the Georgia courts and we have simply stated that the employer is entitled to credit for wages paid during the period of re-employment against his liability for the payment of compensation without making any reference to the question of the intentions of the parties. See *Sears, Roebuck & Co.*, supra, and *Davis*, supra. Under these

rulings we must conclude that they stand for the proposition that the credit is to be allowed to the employer regardless of the basis upon which the wages are paid. The effect of these cases is therefore to hold that when the claimant elects to return to employment at a wage equal to or in excess of that which he was receiving at the time of his injury, the employer (though still bound by the award) is entitled to a credit equal to the amount of the award during such periods of re-employment. On this basis there can be no distinction between wages paid by the liable employer or by any other employer, the election to receive wages in lieu of compensation having been made by the claimant.

Thus, it can be seen that this court has greatly enlarged upon the credit principle. *Complete Auto Transit v. Davis,* 106 Ga. App. 369, supra, and *Lumbermen's Mut. Cas. Co. v. Cook,* 69 Ga. App. 131 (25 SE2d 67).

Since Georgia courts have not limited the credit principle to situations where wages paid are in the nature of a gratuity and intended by the parties to be in lieu of compensation, the statement quoted by Judge Eberhardt from Larson's treatise to the effect that the credit rule never applies to wages received from other employers has no application. Larson's conclusion in this respect is based on a rationale not engrafted upon the decisions of our appellate courts.

This dissent is not based on sentiment, policy consideration, or a search for a given result but rather upon the only logical conclusion which can be reached from the Georgia case law dealing with this subject.

We are not here concerned with amending or changing the award. This can clearly be done only upon an application to the board by one of the parties. The employer's liability continues in full force and effect. However, the employer need not make application for a change in condition in order to have the matter of credit for wages paid adjudicated, for as stated in the *Davis* case, supra: "The credit which the employer may take for wages paid is earned each week and it may be asserted by him at any time thereafter when the employee seeks to enforce payment of the compensation due and unpaid during the period of re-employment. This may be done by way of an affidavit of il-

legality if judgment and execution have been obtained from the superior court for the accruing and unpaid compensation payments or, prior to judgment we think that a determination of the amount of credits due could be made by the board under an appropriate application for a hearing on the question, pursuant to the provisions of *Code* § 114-715. This procedure would in no way have the effect of amending, varying, or changing the award, but merely permits the application on the award of that credit which the law permits." Where the only issue involved is credit for wages paid the principle of res judicata as applied to awards simply does not apply.

If the claimant returns to work for his original employer at the same or higher wage, it is clear under our present law that he is not eligible to receive both the wages and the compensation during the period he is so employed. It is an election which he alone makes. The same rule should apply if he elects to work for another employer. To hold otherwise would be contrary to the true intention of the Workmen's Compensation Act. Both this court and the Supreme Court still cite with approval the language in *Blue Bell Globe Mfg. Co. v. Baird*, 61 Ga. App. 298, 300 (6 SE2d 83) which says: "Loss of earning power is the basis for an allowance of compensation. . . The word 'disability,' as used in the act means impairment of earning capacity."

While the employer here could not question his liability under the award in this proceeding, he was entitled to an adjudication as to the amount of credit, if any, he could take against such liability. The trial court therefore erred in striking the answer which attempted to set up such credits.

I am authorized to say that Frankum and Russell, JJ., concur in this dissent.

FELTON, Chief Judge, dissenting. I concur in Judge Jordan's dissent. However, I would like to try to make several things a little clearer which I think have been left in a state of doubt and confusion by both the majority views and the dissent.

I would like to give my conception of the meaning of the words "less credit for wages paid," used by the Supreme Court in *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, supra. I think that these words mean that the employer is given credit for a status oc-

cupied by an employee when he has an agreement or award in his favor and goes back to work and earns wages before the agreement or award is changed. There is no dispute about the fact that an employee must suffer economic loss before he is entitled to compensation. So, if an employee is injured and an agreement or award for total disability is made and the employee goes back to work for the same employer at half wages, in my view he is entitled to the full half-wage pay plus 50% of the compensation fixed in the agreement or award because he is then only ½ economically disabled. If the words "less credit for wages paid" mean literally that the employer can take credit for the amount of wages paid against the amount of compensation due, the employee in most instances would not receive any compensation at all because even half wages would exceed the compensation. In the situation just stated when an employee with an agreement or award in his favor, unchanged, goes back to work he voluntarily makes an election to reduce his economic disability and when he goes back to work he elects to waive all compensation, or part of it during the time he works, and the waiver operates automatically and there need not be an award to declare the election since there is no change in the award or agreement. The conclusion above is recognized in *Complete Auto Transit v. Davis,* 106 Ga. App. 369, supra, but not nearly so clearly as I would have liked. I would like to put the matter as follows: When an employee in whose favor an approved agreement to pay compensation for total disability or an award is made therefor, goes back to work before the agreement or award is changed, for less wages than he received before his injury, he voluntarily and automatically disqualifies himself from receiving the full amount of the agreement or award during the time he works after going back and is only entitled to compensation proportionate to his new economic status. If he gets as much wages on return to work as before the injury he no longer suffers an economic disability, during the time he works. If he gets half as much wages as before the injury he disqualifies himself from 50% of the compensation but he has the right to receive the wages plus 50% of the compensation. I submit that the situation as to disqualification by election of a new status is perfectly illustrated by the

ruling in *White v. Murden,* 190 Ga. 536 (9 SE2d 745). The court there ruled that an allowance of money in an alimony decree (not based on an agreement), made for the sole use of the wife and payable in monthly installments automatically ceases upon the remarriage of the former wife. The Supreme Court, in *Allen v. Withrow,* 215 Ga. 388, 390 (110 SE2d 663), disapproved the *White* case but in my opinion such disapproval is obiter because it was not necessary to overrule *White* to reach its decision as in the latter case the alimony judgment was based on an agreement which was made a part of the decree. In this view it is immaterial whether the employee goes back to work for his former employer or a different one. The election to go back to work changes his economic status regardless of who the employer is and the notion that a different employer cuts any figure with "credit for wages paid" goes out of the picture.