### 20848

William McLEOD, Respondent, v. SOUTH CAROLINA INSURANCE COMPANY and/or Consolidated American Insurance Company, of which South Carolina Insurance Company is the Appellant.

(251 S. E. (2d) 193)

*Stringer & Stringer*, Charleston, *for appellant.*

*Walker, Smith, Bailey & Carroll*, Summerville, *for respondent.*

January 9, 1979.

GREGORY, Justice:

This is a Workmen's Compensation case. Claimant William McLeod received benefits from the Employment Security Commission while out of work and awaiting an award of workmen's compensation benefits from appellant South Carolina Insurance Company. When the award of work-

men's compensation was made, the Hearing Commissioner and the Full Commission allowed the appellant credit for the benefits McLeod had received from the Employment Security Commission. The lower court affirmed the award of workmen's compensation benefits, but denied to the appellant any credit or set off for unemployment benefits paid to McLeod. We affirm.

The following quotation from the order of the lower court succinctly states the reasoning for refusing to allow the appellant a credit for sums received by McLeod from a collateral source:

. . . [T]here is no authority in Title 42 of the Code of Laws of South Carolina (1976) which would authorize the Industrial Commission to allow an employer or its workmen's compensation carrier not to pay benefits or to offset payments of workmen's compensation benefits, either for temporary total disability or for a specific permanent disability due to the fact that sums were received from a collateral source such as the unemployment compensation fund. *Utica Mutual Insurance Company v. Pieda* [Pioda], [90 Ga. App. 593] 83 S. E. (2d) 627 (Ga. 1954).

If any person or administrative agency has been prejudiced by Plaintiff's [McLeod] actions, it is the South Carolina Employment Security Commission, which is not a party to this proceeding, rather than the Industrial Commission or the Defendant carrier. . . . It would, therefore, not be appropriate or equitable to allow the Defendant [carrier] to derive a windfall benefit by taking credit against any sums received from other sources or to permit the carrier not to make payments which are admittedly due under the Workmen's Compensation laws of the State, merely because of money received by the worker from other sources during the same period of time.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.