35978. GENERAL MOTORS CORPORATION, CHEVROLET DIVISION *v.* DEMPSEY.

DECIDED JANUARY 27, 1956—REHEARING DENIED FEBRUARY 8, 1956.

*Burt DeRieux, Marshall, Greene & Neely,* for plaintiff in error.
*J. R. Goldthwaite, Dorsey B. Phillips,* contra.

GARDNER, P. J. We think it well to set forth the judgment of the judge of the superior court in full. It is evident that the judge of the superior court, Judge Claude D. Shaw, did considerable research in this case and his judgment is very clear and lucidly expressed. The judgment and order of reversal read in full as follows: "This case comes here from an appeal by the claimant from an award denying compensation dated May 10, 1955. In denying compensation the board takes the position that it is without jurisdiction to further consider evidence in relation to a change of condition case.

· "The board in rendering its award of May 10, 1955, erroneously interpreted its previous award of January 21, 1955. In that award the board found that claimant had lost no compensable time up to the date of that hearing which was April 13, 1954. This finding is binding on the claimant since he did not take an appeal from same. However, the balance of the award under date of January 21, 1955, is favorable to claimant, the board finding that 'claimant received an injury involving his back on July 20, 1953, which arose out of and in the course of his employment.' The deputy director further found, 'from the medical testimony introduced that some permanent disability will be involved, however, claimant has not reached maximum improvement, and one of the doctors stated a fusion operation may be necessary. Claimant had incurred medical bills as a result of his injury, and will be forced to incur future medical bills, and he is entitled to receive payment for medical expenses incurred by reason of his injuries . . .'

"Based on these findings it was held that the employer should pay medical expenses and 'since claimant lost no compensable time, and maximum improvement has not been reached, he would not be entitled to compensation.'

"The above award is favorable to the claimant with the exception of the finding that he lost no compensable time to the date of the hearing. This finding by the board that claimant incurred no compensatory loss of time up to the date of the hearing on April 13, 1954, is an adjudication of that issue adversely to claimant. All other issues remain open and are now subject to the jurisdiction of the board to be determined according to evidence in a subsequent hearing.

"Section 114-709 of the amended Code authorizes a review where the original award provides some compensation in favor of claimant. For a further discussion of this matter see *Travelers Insurance Co.* v. *Haney*, 92 *Ga. App.* 319, and the cases cited therein.

"In this case the employer under the terms of the award rendered January 21, 1955, was 'directed to pay to James H. Dempsey, all necessary and reasonable medical expenses incurred by reason of his accident and injury, not to exceed in the aggregate the sum of $750.00, the maximum provided by the Act.'

"It should also be noted that the board by its own findings of fact came to the conclusion that claimant received an injury which arose out of and in the course of his employment, and that he had sustained 'some permanent disability' but since he had not reached maximum improvement as of the date of the hearing such issue was not passed upon at that time.

"There is language quoted with approval from another case in the above stated case of *Travelers Insurance Company* v. *Haney*, as follows 'the jurisdiction of the commission over a case is lost when there is full compliance with its award, unless there is a provision in the act or in the award conferring continued jurisdiction of the case upon the commission.'

"For all of the above reasons this court is of the opinion that the State Board of Workmen's Compensation erred in holding that it did not have jurisdiction over the appeal filed by claimant alleging a change in his physical condition.

"Order: The above and foregoing case having regularly come on for hearing before me, after argument of counsel, it is considered, ordered and adjudged that the award of the State Board of Workmen's Compensation of May 10, 1955, be, and the same is, hereby reversed. Said case is remanded to the State Board of Workmen's Compensation for further action in compliance with the above stated opinion.

"Ordered this 28th day of September, 1955."

Under this record the award denies compensation on the sole ground that the disability resulting from an injury existing for a period of time less than seven days is subject to being reopened on a change in condition where the hearing director in his award specifically retains jurisdiction of the case pending further per-

manent disability of the claimant. It is our opinion that the State Board of Workmen's Compensation retained jurisdiction of the case by its award of January 21, 1955. Where, as here, the board found that the claimant suffered an accident arising out of and in the course of his employment, he is entitled to medical expenses incurred and where, as here, the board found that he may suffer further permanent disability and require an operation and incur further medical expenses, but finds that up to the time of the hearing he has not incurred the requisite lost time from employment to entitle him to temporary total compensation, the claimant is not thereby deprived of his right to compensation when the injury causes him to be unable to continue work after the time of the hearing. The facts in the instant case place the case directly under the purview of change in condition. As analogous, see *Riegel Textile Corp.* v. *Vinyard,* 88 *Ga. App.* 753 (77 S. E. 2d 760).

Counsel for the employer relies on a line of cases set out in *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d 355) and quotes at length from that case. All those cases concerned adjudicating against the employee on the ground that the injury was incurred arising out of and in the course of his employment and terminating the right of any compensation on the part of the employee. Such awards were held to be res adjudicata and in each instance it was held that if the employee was dissatisfied with the ruling thus finally terminating his case, his only remedy was by appeal from that ruling. Such is not the award in the instant case. As we have above observed, the award in the instant case did not finally terminate the employee's right to compensation. In reaching the determination as to whether or not a change of condition has occurred, the court can consider the entire record.

The court did not err in its judgment reversing the award dated May 10, 1955, and remanding the case to the board for further consideration.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*