97 Ga. App. 309 (1958)
103 S.E.2d 81
CHEVROLET DIVISION, GENERAL MOTORS CORPORATION
v.
DEMPSEY.
37055.
Court of Appeals of Georgia.
Decided February 27, 1958.
Rehearing Denied March 11, 1958.
*311 Greene, Neely, Buckley & DeRieux, Burt DeRieux, for plaintiff in error.
Dorsey Phillips, Adair & Goldthwaite, J. R. Goldthwaite, Jr., contra.
QUILLIAN, Judge.
1. The sole question for review is whether the judge of the superior court correctly ruled in remanding the case to the Workmen's Compensation Board with direction that evidence be heard as to a change in the claimant's condition which occurred before the original award was entered but subsequent to the initial hearing upon which the award was based.
On a former occasion the compensation board refused to entertain an application by the claimant based on a change in condition, holding that there had been no award in the claimant's favor and hence there could be no hearing as to a change in his condition. The judge of the superior court remanded the case for hearing and directed the board to consider and decide the question as to whether there had been a change in the claimant's condition since the hearing on which the initial award of the board was based. The judge of the superior court wrote an opinion on which his judgment remanding the case with direction *312 referred to was predicated. This court not only affirmed the judgment, but adopted the opinion of the superior court judge.
The language of the judgment is found in General Motors Corp., Chevrolet Division v. Dempsey, 93 Ga. App. 423, 426 (91 S. E. 2d 850): "The above award is favorable to the claimant with the exception of the finding that he lost no compensable time to the date of the hearing. This finding by the board that claimant incurred no compensatory loss of time up to the date of the hearing on April 13, 1954, is an adjudication of that issue adversely to claimant. All other issues remain open and are now subject to the jurisdiction of the board to be determined according to evidence in a subsequent hearing." The court quoted and adopted the opinion of the superior court judge as a correct pronouncement of the law of the case. The employer applied for and obtained a certiorari to the Supreme Court. The Supreme Court affirmed the judgment of this court. Chevrolet Division, General Motors Corp. v. Dempsey, 212 Ga. 560 (93 S. E. 2d 703).
Necessarily involved in the holding that the compensation board was to determine whether there had been a change in the claimant's condition since the original hearing of the case, was direction that evidence be admitted upon the hearing ordered, as to change in condition of the claimant occurring after the first hearing of the case rather than subsequently to the original award based on that hearing. That is the precise question presented to this court on the present appeal.
It follows that, whether the former judgment of the superior court was right or wrong, and whether this court and the Supreme Court erred in approving it, the judgment became the law of the case, and under the principles of res judicata, the question as to the admissibility of evidence occurring after the hearing of the case is settled.
We are of the opinion that the superior court judge was right in his judgment formerly reviewed by this court and the Supreme Court, and that there was no error in his judgment presently appealed from, which judgment directs the compensation board to admit evidence of change in the claimant's condition since the original hearing of the case by the compensation board. In this connection it is noted that the original hearing was before a single director and not the full board; that on the *313 hearing the deputy director ordered the record closed so that no additional evidence could thereafter be admitted except the depositions of named doctors. Consequently, the right of the claimant to compensation up to the time of the hearing but not thereafter was all that the deputy director passed upon and determined.
In Georgia Marine Salvage Co. v. Merritt, 82 Ga. App. 111 (1b) (60 S. E. 2d 419) this court defines change in condition as contemplated by Code § 114-709 as follows: "By `change of condition' is meant a change in the physical condition of the claimant subsequent to the entering of the award."
The opinion in Travelers Ins. Co. v. Hammond, 90 Ga. App. 595 (4) (83 S. E. 2d 576), contains the further pronouncement: "Where, however, as here, an original settlement agreement based upon a 60% disability is agreed upon between the parties and approved by the Board of Workmen's Compensation, which agreement, by its express terms, is disclosed by the last line thereof to be subject to a change in condition, and thereafter, on a hearing based upon a change of condition, there is some evidence, although slight, that the claimant's physical condition has become worse since the settlement agreement (the evidence being virtually undisputed that the claimant is, as of the latter hearing, totally and permanently disabled); an award finding the claimant totally and permanently disabled under evidence strongly supporting that finding plus some evidence that his condition has worsened since the original award, is binding upon the courts in the absence of fraud, and the employer and its insurance carrier are precluded from denying that, at the time of the first hearing, the claimant suffered a disability greater than 60%."
Thus it appears that the court really held no more than that an award is conclusive as to a change of condition occurring "up to and including the time of the hearing."
In Georgia Marine Salvage Co. v. Merritt, 82 Ga. App. 111 (1b), supra, is also the pronouncement: "Proof, therefore, by the claimant on rehearing that he is disabled, if such disability existed in the same degree and to the same extent at the time of the first hearing, is not sufficient to justify a change in the award based on a change of condition, as the previous hearing on this theory *314 become res judicata up to and including the time of such hearing."
Thus it will be observed that in Travelers Ins. Co. v. Hammond, 90 Ga. App. 595, supra, it was held as in the previous review of the instant case that evidence of change in condition occurring after the original hearing as to the extent of the claimant's disability is admissible.
Indeed in all of the cases we have consulted where it is held that the claimant is not entitled to prove a change in condition occurring prior to the award, the award under consideration decided the claimant's right of compensation up to and including the date of the award. In short, that which was properly adjudicated at the time the award is entered must be considered as decided by the award. But where as in this case the only issues before the director or the board when the award is entered are by the order of the director confined to what transpired or existed at the time of the hearing, the award is conclusive, as said in Georgia Marine Salvage Co. v. Merritt, 82 Ga. App. 111, supra, only as to the claimant's status and right of compensation "Up to and including the time of the hearing." Illustrative of what is said here is Ingram v. Liberty Mutual Ins. Co., 63 Ga. App. 493, 496 (11 S. E. 2d 499): "`An appeal for review upon the ground of said change (in condition) presents a quasi-new case although it is not a new proceeding, and it is the duty of the commission to examine into it, if the matter sought to be reviewed has not been judicially determined, or becomes res adjudicata, and if the commission still has jurisdiction of the subject-matter.' Globe Indemnity Co. v. Lankford, 35 Ga. App. 599, 602 (134 S. E. 357). The refusal of the board to entertain jurisdiction of the application for an increase in compensation was not based on the ground that it had been judicially determined that no change in condition had arisen since the hearing on which the last award was based, or that the subject-matter of the claim was not within its jurisdiction, but only for the reason that it was without jurisdiction to entertain the claim and grant a hearing while the appeal from the previous award was pending in this court. Inasmuch as, pending an appeal, the supersedeas provided by the statute relates only to a suspension of jurisdiction with respect to the particular issue determined by the judgment *315 appealed from, and as the claimant had the right at any time within two years from the date when the board was notified of the final payment of a claim, to file an application for an increase in compensation because of an alleged change in condition since the hearing on which the former award was based, and no issue as to said claimed change had been adjudicated, the board had jurisdiction to entertain the claim so filed; and consequently it erred in refusing to entertain the claim and grant a hearing."
2. The employer entered an appeal on the ground that the court erred in reversing the award of the Workmen's Compensation Board, because the evidence adduced on the hearing demanded the award rendered.
Where competent evidence that may authorize an award in favor of the losing party is erroneously excluded it must be taken into consideration when passing on the question as to whether the award entered was demanded by the evidence. Where as here, through no fault of the losing party, the deputy director excludes such evidence from the record, it cannot be determined in whose favor the award should have been entered. In these circumstances the judge of the superior court correctly refrained from passing on the employer's appeal. The effect of the ruling was to hold the matter in abeyance until this court passed on the competency of the evidence offered by the claimant and excluded by the deputy director.
Judgment affirmed. Felton, C. J., and Nichols, J., concur.