39554. ZURICH INSURANCE COMPANY et al.
v. COOPER.

DECIDED JULY 6, 1962—REHEARING DENIED JULY 27, 1962.

*Woodruff, Latimer, Savell, Lane & Williams, John M. Williams,* for plaintiffs in error.

*Henson, Greene & Greene, James E. Greene,* contra.

EBERHARDT, Judge. 1. That an order based upon a finding that an employee has experienced a change in condition can not be made retroactive to a time prior to the date when an application for a hearing on that issue was filed with the board is settled by *National Surety Corp. v. Nelson,* 99 Ga. App. 95, 98 (107 SE2d 718) and similar cases. And see *Complete Auto Transit v. Davis,* 106 Ga. App. 369 (126 SE2d 909).

The issue of whether the application filed by the employer on June 14, 1961, was sufficient in form to obtain a hearing to determine whether there had been a *change in the employee's condition* under *Code Ann.* § 114-709 is not now before us and we make no ruling thereon.[1] But if it were a sufficient application for such a hearing it is clear that no order based upon a change of condition could be made effective prior to the date of its filing, and a reversal was demanded since here the order, by its terms based upon a change in condition, was made effective as of September, 1960. However the board does have power to make such an order effective from the date of the filing of the application, and the superior court was in error in limiting the effective date to the date of the hearing.

2. Nor is the issue before us as to whether the employer, or

---

[1]See *Anglin v. St. Paul-Mercury Indem. Co.,* 106 Ga. App. 395 (126 SE2d 913), where the court dealt with a similar application.

the insurance carrier here, is entitled to credit for wages paid during any period after the employee returned to work.

No finding on that matter or determination thereof has been made either by the board or raised by way of an affidavit of illegality to any fi. fa. issued from the superior court. See *Complete Auto Transit v. Davis*, 106 Ga. App. 369, supra.

*Judgment reversed for reasons stated above. Carlisle, P. J., and Russell, J., concur.*