39619. COLLINS v. KIKER et al.

CARLISLE, Presiding Judge. In this workmen's compensation case the claimant had been previously adjudicated by the

board to be 60 percent permanently partially disabled as the result of an accidental injury arising out of and in the course of his employment with the defendant employer here involved, and the board directed in the prior award that the claimant be paid compensation at the rate of $19.93 per week, commencing on October 17, 1958, and continuing for a period not to exceed 350 weeks from the date of the accidental injury which was shown by the records of the board to have been on December 31, 1956. The record shows that the claimant was paid compensation pursuant to that award until sometime in the middle of August, 1960, when the employer offered claimant work and the claimant actually returned to work and worked three days or parts thereof but thereafter quit and failed to return to work with the employer. The claimant contended that the work assigned to him by the employer was too heavy for his then condition and that he was unable to do it, but the employer in his testimony testified that the claimant never complained to him that the work was too heavy nor notified him after he failed to return to work the reason for his failure to return, and he further testified that he observed the claimant while he was performing the work and that the claimant gave no evidence of discomfort or pain in his back while performing the work and that his work was very satisfactory as long as he stayed on the job. Although claimant's attorney, in his letter to the board, dated January 5, 1961, and received by the board on January 6, 1961, advised the board that claimant sought a hearing because the employer had failed to pay the claimant since the last of August, 1960, the deputy director treated the case as one for the purpose of showing a change in condition. In his award the deputy director noted the previous order of the board ordering the payment of compensation under *Code Ann.* § 114-405, and he further noted that the award had not been amended or payment under it stopped by any means authorized under the act, and he thereafter found that claimant had undergone a change of condition on or about August 17, 1960, and that he was capable of performing the work provided for him and that the work provided would pay him an average weekly wage comparable to that before the accident and that he would therefore be entitled to no further compensation after August 17, 1960. *Held:*

While the evidence authorized the finding that the employee was no longer disabled from working at the job provided by the employer, the deputy director had no jurisdiction to authorize the discontinuance of compensation under the prior order of the board based solely on evidence of a change in condition for any date prior to the date the jurisdiction of the board was invoked by the letter of the attorney seeking a hearing. *Pacific Employers Ins. Co. v. Shoemake,* 105 Ga. App. 432 (124 SE2d 653); *Zurich Ins. Co. v. Cooper,* 106 Ga. App. 437 (127 SE2d 165). However, the deputy director would have been authorized to enter an award allowing the employer credit for any wages actually paid the employee while he was actually re-employed and receiving a wage equal to, or in excess of, that which he was receiving at the time of his injury and to credit the employer with such payments and offset the employer's liability for compensation during the period that such payments were made. *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909). Furthermore, under the provisions of *Code Ann.* § 114-407, the failure or the refusal of the employee to accept work suitable to his capacity after it has been procured for him or offered to him by his employer debars him from further compensation during the period of such refusal unless in the opinion of the board such refusal was justified. *Austin Bros. Bridge Co. v. Whitmire,* 31 Ga. App. 560 (2g), 566 (121 SE 345). Under the evidence in this case and the facts as found by the deputy director, the employer was entitled to credit on compensation due for wages actually paid the employee, and for such period of time as the evidence showed a continuing offer by the employer of employment suitable to the employee's capacity, the employee would be entitled to no compensation. Whether the evidence shows such a continuing offer of employment by the employer is not for decision by this court at this time. To the extent that the award of the deputy director was based on the finding of a change in condition for any period prior to the date an application for a hearing was filed, it was illegal. The case is, therefore, reversed with direction that it be remanded to the board in order that the board or a director thereof make findings of fact based on the evidence and enter an award based thereon and not in conflict with this opinion.

516

*Judgment reversed. Eberhardt and Russell, JJ., concur.*
Decided September 7, 1962.

*Adams & Adams, Isaac C. Adams,* for plaintiff in error.
*McCamy, Minor & Vining, Carlton McCamy,* contra.