### 39720. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. CARROLL.

NICHOLS, Presiding Judge. M. A. Carroll received an injury while an employee of Murray County, Georgia, and an agreement to pay compensation was entered into between the parties, including the insurance carrier, on April 11, 1961, and approved by the State Board of Workmen's Compensation on April 14, 1961. Compensation was paid under such agreement until November 9, 1961, when the insurer stopped making payments. On November 21, 1961, the insurer and employer filed a request seeking a hearing on a change in condition and on January 19, 1962, such hearing was held. Thereafter, in June, 1962, the claimant filed a petition in the Superior Court of Murray County, Ga., seeking a judgment for accrued compensation from November 9, 1961, until the date of the hearing, held on January 19, 1962. The above facts were shown at the hearing before the superior court and it was stipulated that the application for a change in condition was still pending before the State Board of Workmen's Compensation. *Held:*

1. "Where a claimant is entitled to compensation payments under

a memorandum of agreement approved by the State Board of Workmen's Compensation, the employer and its insurance carrier cannot discontinue payments thereunder until the claim has been paid in full, or has been settled between the parties, or until a new award or order of the board authorizes such discontinuance, or until an application for a hearing is filed with the board, and where none of these conditions exists at the time of discontinuance of payments, the claimant may obtain a judgment on the memorandum of agreement in the superior court under *Code* § 114-711 for the unpaid compensation up to the date of filing of an application with the board for a hearing based on a change of condition." *Employers Mut. Liab. Ins. Co. v. Derwael,* 105 Ga. App. 54 (123 SE2d 345). See also *Sanders v. American Mut. Liab. Ins. Co.,* 105 Ga. App. 472 (124 SE2d 923); *Zurich Ins. Co. v. Cooper,* 106 Ga. App. 437 (127 SE2d 165); and *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909).

2. The claimant was entitled to a judgment from the date the insurance company and the employer ceased making payments under the approved agreement until the date the application for a hearing on a change of condition was filed. Accordingly, while the claimant was entitled to a judgment for the period between the time payments were stopped and the application for a change of condition was filed, so much of the superior court's judgment as authorized a recovery while the application for a change in condition was pending was error and must be reversed.

*Judgment affirmed in part; reversed in part. Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 24, 1962.

*Woodruff, Latimer, Savell, Lane & Williams, John M. Williams,* for plaintiffs in error.

*Walter H. Bolling,* contra.