## 21880. FIDELITY & CASUALTY COMPANY OF NEW YORK et al. v. PARHAM.

ARGUED JANUARY 14, 1963—DECIDED FEBRUARY 11, 1963.

*Harris, Russell & Watkins, John B. Harris, Jr.,* for plaintiffs in error.

*S. Gus Jones, Neal D. McKenney,* contra.

GRICE, Justice. The Court of Appeals certified to this court the following question upon which it desires instructions:

"Where the insurer, the employer and the employee entered into an agreement to pay total disability benefits for an occupational disease and, after the State Board of Workmen's Compensation had approved the agreement, the employer requested a hearing on the ground of a change in condition of the employee, in the subsequent hearing on that issue, is medical evidence that the employee was not disabled by the disease competent where the examination of the employee took place after the date of the agreement to pay compensation but prior to the date the agreement received final approval by the State Board of Workmen's Compensation? *General Motors Corp., Chev. Div. v. Dempsey,* 93 Ga. App. 423 (91 SE2d 850); s.c. 212 Ga. 560 (93 SE2d 703); *Chev. Div., General Motors Corp. v. Dempsey,* 97 Ga. App. 309 (103 SE2d 81); *Ga. Marine Salvage Co. v. Merritt,* 82 Ga. App. 111 (1) (b) (60 SE2d 419); *Maryland Cas. Corp. v. Mitchell,* 83 Ga. App. 99 (62 SE2d 415); *Simpson v. Liberty Mut. Ins. Co.,* 99 Ga. App. 629 (1), 634, 635 (109 SE2d 876.)"

In considering this question we first turn to those portions of the Workmen's Compensation Act deemed to be material.

*Code* § 114-106 provides: "Nothing herein contained shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them, so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this Title. A copy of any such settlement agreement shall be filed by the employer with the State Board of Workmen's Compensation, and no such settlement shall be binding until approved by the Board."

*Code* § 114-705 recites that: "If, after 14 days from the date of the injury, or at any time in case of death, the employer and the injured employee or his dependents reach an agreement in regard to compensation under this Title, a memorandum of the agreement in the form prescribed by the State Board of Workmen's Compensation shall be filed with the Board for approval as herein provided; otherwise such agreement shall be voidable by the employee or his dependents. If approved by the Board, thereupon the memorandum shall for all purposes be enforced by decree or judgment of the superior court, as herein specified."

*Code Ann.* § 114-709 states: "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, within two years from the date that the Board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the Board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid."

There is no doubt but that a settlement by the employee and the employer, approved by the Board as contemplated by *Code* §§ 114-106 and 114-705, and unappealed, is conclusive as to the employee's condition. "That an employee has suffered an injury compensable under the terms of the Workmen's Compensation Act may be conclusively established by an agreement filed

with and approved by the Industrial Board (*Code* § 114-705), or by an award of the board after hearing evidence (*Code* §§ 114-706-7-8). Regardless of which of these two methods is employed, it is a decision of the Industrial Board . . . The decision or judgment of the board in the one case rests upon and is supported by the agreement of the parties, while in the other it rests upon evidence introduced at the hearing. By entering into the agreement and allowing it to receive the approval of the board, the parties thereby preclude themselves from thereafter contradicting or challenging the matters thus agreed upon. The only provision of law for further consideration of a case thus disposed of by an approved agreement is a review upon a change in condition, as provided in the *Code*, § 114-709. The inquiry authorized by law to be made on the review is strictly limited to a change in condition. The condition as it existed at the time of the agreement is settled by that agreement, and can not be redetermined upon the review." *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397, 399 (24 SE2d 309). See also *Rourke v. U. S. Fidelity &c. Co.*, 197 Ga. 636 (1), 638 (1 SE2d 728).

But the problem, heretofore unresolved, is whether the approved agreement's conclusiveness dates from the execution of the agreement or from its approval by the board. If the latter, medical evidence obtained by examination of the employee subsequently to the agreement but prior to its approval would not be competent. If the former, such medical evidence may be competent, depending upon the terms of the agreement.

Our view is that such conclusiveness dates from the execution of the agreement. Res judicata applies only as to matters in issue or which could have been put in issue (*Code* § 110-501), and the employee's condition as of that time was put in issue and determined by the parties thereto when they entered their agreement. The board, when it approved their settlement, did not adjudicate that the employee's condition remained the same, and no such adjudication results, practically or legally. In giving approval to the parties' own settlement, the board had no occasion to see the employee or hear evidence as to his condition; its duty then was to ascertain whether the settlement was in accordance with the provisions of the Workmen's Compensation Act.

Furthermore *Code Ann.* § 114-709, supra, provides for the board's review of ". . . any award or any settlement made between the parties and filed with the board. . ." That language contemplates the date of conclusiveness as to the employee's condition to be that of the settlement agreement itself, not that of the approval of the settlement.

We are not called upon to rule whether the parties themselves could stipulate that the employee's condition would continue as they found it on the date of their settlement until the approval of that settlement by the board. No attempt was made to do that here. The record discloses that the parties agreed the "probable length of disability" to be "undetermined."

We hold that the approved agreement here is conclusive as to the employee's condition as of the date of the execution of that agreement but not subsequently. Therefore, medical evidence that the employee was not disabled by the disease was competent where the examination of the employee took place after the date of the agreement but prior to its approval by the board.

The question propounded by the Court of Appeals is answered in the affirmative.

*All the Justices concur, except Quillian, J., who dissents.*