### 39770.  FIDELITY & CASUALTY COMPANY OF NEW YORK et al. v. PARHAM.

BELL, Judge.  The decision in this case is controlled by the instructions of the Supreme Court issued in response to a certified question from the Court of Appeals as reported in *Fidelity & Cas. Co. of N.Y. v. Parham*, 218 Ga. 640 (129 SE2d 868).
In its instructions to this court the Supreme Court held that the conclusiveness established by an agreement filed with and approved by the board that an employee has suffered an injury compensable under the terms of the Workmen's Compensation Act, dates from the moment of the execution of the agreement and not from the time of approval by the board. The Supreme Court further held that medical evidence that an employee was not disabled by an occupational disease was competent on a hearing before the board on a change in condition where the testimony was based on an examination which took place after the date of the agreement but prior to its approval by the board.
The instructions of the Supreme Court necessarily control the merits of this appeal.  The instruction, answering a heretofore unresolved question, rendered competent the testimony before the board which presented medical questions in controversy relating to an occupational disease.  These medical questions were referred by the board (*Code Ann.* § 114-819) to the medical board.  The medical board rendered back its report stating its findings and conclusions upon the medical questions to the State Board of Workmen's Compensation. The State Board of Workmen's Compensation entered its award in conformity with the findings and conclusions of the medical board.
This necessarily controls the merits of this appeal as the instruction relates back to the time the deputy director determined, during the hearing on change of condition, that a medical question concerning an occupational disease was in issue and referred the medical question to the medical board.  The competency of the testimony rendered valid the determination of the existence of the medical question and its referral to the medical board.
The findings and conclusions of the medical board are conclusive upon the State Board of Workmen's Compensation.  *Code Ann.* § 114-823 (5).

The only grounds of appealing a decision of the State Board of Workmen's Compensation which is based upon the report of the medical board deciding medical questions which the board has referred to the medical board are the following: (1) That the medical board acted without or in excess of its powers; (2) The findings of said medical board were procured by fraud; (3) The facts found by the medical board did not support the decision of said board; (4) That there was not sufficient competent evidence in the record to warrant the medical board in making the decision complained of; or (5) That the decision of the medical board was contrary to law. *Code Ann.* § 114-823 (5).

The purported appeal to the superior court in this case does not contain any of the required statutory grounds. Therefore, the superior court was without jurisdiction to render judgment on the appeal.

Having no jurisdiction, the judgment of the Superior Court of Bibb County, Georgia, reversing with directions the award of the State Board of Workmen's Compensation, dated the 9th day of January, 1961, is null and void.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*

DECIDED MARCH 6, 1963.

*Harris, Russell & Watkins, John B. Harris, Jr.,* for plaintiffs in error.

*S. Gus Jones, Neal D. McKenney,* contra.