39963. JAMES v. GENERAL MOTORS CORPORATION.

DECIDED APRIL 4, 1963—REHEARING DENIED APRIL 8, 1963.

*Albert P. Feldman, Claude R. Ross, John W. Rogers,* for plaintiff in error.

*King & Spalding, William H. Izlar, Jr.,* contra.

NICHOLS, Presiding Judge. ■ The majority of the full board found that the last agreement entered into by the claimant and employer and approved by the board provided that the claimant was totally disabled and that such approved agreement was the established law of the case from the date such agreement was approved until the employer filed a request for a "change in condition" hearing.

The claimant, the plaintiff in error, does not argue that such part of the award constitutes error but the employer, the defendant in error, contends that a finding was demanded that the approved agreement was no longer binding after the claimant returned to work in February, 1960, and that therefore, as a matter of law, the claimant is not entitled to any compensation from such date until such time as he carries the burden of proving a "change in condition." This argument is based on the premise that an approved agreement which provides for payments "so long as disability continues" is different from one which provides for payments "until terminated in accordance with the provisions of the Workmen's Compensation Law."

In *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 751 (113 SE2d 611), the contentions of the employer, that the disability ceased when the employee returned to work so as to put an end to the employer's liability was unsuccessfully raised and the

Supreme Court held: "The sole method whereby the award may be modified or terminated is upon a review by the board upon an application on the ground of a change in condition." See also *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909), and cases there cited. The award of the majority of the full board which followed the above cases and held that the award was in effect at the time the application for a hearing on a change in condition was made and was not terminated upon the return to work of the claimant was correct, for it makes no difference if the agreement on which the award is based refers to "so long as disability continues" or "until terminated in accordance with the Workmen's Compensation Law," for in either event the award finding the claimant "totally disabled" is res judicata until modified or terminated by a new award.

■ The majority of the full board found that the "claimant returned to work on February 8, 1960, and continued to work through November 13, 1961, when he was laid off due to economic conditions." The record is devoid of any evidence to support such finding. While there is evidence that the claimant returned to work on February 8, 1960, and that he worked until June 3, 1960, and that he worked from July 7, 1960, until January 13, 1961, there is no evidence that he "worked" for the employer after January 13, 1961, or during the earlier period, June 3, 1960—July 7, 1960.

It may be that the board considered the fact that the claimant received "unemployment compensation" during such period as authority for finding that he had worked during such period and was not entitled to compensation. However, this position would be unauthorized, for as was held in the case of *Utica Mutual Ins. Co. v. Pioda,* 90 Ga. App. 593 (83 SE2d 627), the receipt of unemployment benefits does not estop the claimant from receiving compensation benefits under the Workmen's Compensation Act, and while a part of the unemployment compensation received by the claimant was paid by the employer, the evidence discloses that such payments were not made for present services rendered or for workmen's compensation but were made as a supplement to unemployment compensation and were made only when the claimant was entitled to receive the unemploy-

ment compensation referred to in the case of *Utica Mutual Ins. Co. v. Pioda,* supra. Moreover, such supplemental payments were not as much as the payments due each week under the approved agreement. Accordingly, the finding that the claimant was not entitled to any compensation under the approved agreement was not authorized.

■ The award of the majority of the board found that the claimant was no longer disabled at the time the employer filed the request for a "change in condition" hearing. The medical testimony showed that the claimant was still disabled and was in need of additional surgery, and the evidence of the claimant was that he could not do the work he had been doing before the original injury, and while for a short period he did this same work he was taken off of such work because he was not physically able to do it. The award of the majority of the full board found that the claimant was no longer disabled at the time the application for a hearing on change in condition was filed. This part of the award seems to be based on the theory that the claimant was working on such date. Since the judgment of the superior court affirming the award of the majority of the full board must be reversed for the reasons set forth in the second division of this opinion, and since the question of whether the claimant is partially or totally incapacitated to labor and earn money was passed upon on an erroneous theory of the facts of the case the question of the claimant's incapacity, if any should be again considered by the full board. See *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, supra.

*Judgment reversed. Frankum and Jordan, JJ., concur.*