40169, 40170.  BUMP v. CONTINENTAL CASUALTY COMPANY et al.; and vice versa.

RUSSELL, Judge.  1.  (a)  "In its instructions to this court the Supreme Court held that the conclusiveness established by an agreement filed with and approved by the board that an employee has suffered an injury compensable under the terms of the Workmen's Compensation Act, dates from the moment of the execution of the agreement  . . ."  *Fidelity &c. Co. of N. Y. v. Parham,* 107 Ga. App. 466 (130 SE2d 535).  "The agreement [in the case sub judice] was executed on September 19, 1957, and approved by the State Board of Workmen's Compensation on September 20, 1957, and accordingly possessed all of the force of an award of compensation."  *Continental Cas. Co. v. Bump,* 218 Ga. 187, 188 (126 SE2d 783).

(b)  "When there is an adjudication of a change of condition the board may, as provided in *Code Ann.* § 114-405, order a different payment of compensation suited to the change, and the order becomes effective from the time an application for a hearing based upon a change in condition was filed."  *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369, 372 (126

SE2d 909) et cit. "A new award of the State Board of Workmen's Compensation entered on the basis of a change in condition cannot modify or set aside the previous award as to any time prior to the date of the application for the new award." *Anglin v. St. Paul-Mercury Indem. Co.,* 106 Ga. App. 395 (126 SE2d 913). The court in *Davis,* supra, stated its reasons for its unwillingness to overrule previous decisions enunciating this rule of law; the same considerations cause us now to deny the motion of counsel to overrule *Davis.* Nothing in *Fidelity &c. Co. of N. Y. v. Parham,* 218 Ga. 640 (129 SE2d 868), same case, 107 Ga. App. 466, supra, indicates a contrary view, since there the Supreme Court was dealing with the admissibility of medical testimony as to a condition accruing after the execution but before the approval of an agreement to pay compensation, for use on a change of condition hearing in which it was not contended that the finding of change of condition should be made retroactive prior to the date of application for such hearing.

(c) This claimant sustained a compensable injury on August 30, 1957. On September 19, 1957 (although he had actually returned to work) the parties entered into an agreement to pay compensation beginning September 6, 1957 "until terminated in accordance with the provisions of the Workmen's Compensation Law," and reciting, "Probable length of disability undetermined." The award was approved by the board on September 20, 1957. No further action was taken before the board until the employer requested a hearing based on change of condition filed on February 19, 1962. It was accordingly error for the deputy director hearing the case, after making a proper finding of fact that the disability had ceased, to attempt to make the award denying further compensation retroactive prior to the date of the application, and the Judge of the Superior Court of Fulton County properly reversed this finding on appeal and directed that any finding with respect to a change of condition not be made effective prior to February 19, 1962, the date appellee requested a hearing with respect to the alleged change of condition.

Since there was ample evidence that a change of condition had occurred, and since a new award could not legally be entered prior to the acquisition by the board of jurisdiction to hear this issue, the judge of the superior court did not err, as contended in the main bill of exceptions, in affirming the award

finding a change of condition, and did not err as contended in the cross bill in making the new award effective as of February 19, 1962.

2. The judge of the superior court erred, in reversing the award of the hearing director, in his direction that the employer be given credit against the amounts owing the employee by reason of the agreement to pay compensation for weeks in which the employee was actually employed by and received wages from third parties not here involved. *Bump v. Continental Cas. Co.*, 219 Ga. 595 (134 SE2d 787); *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581 (134 SE2d 783). The judge of the superior court erred in directing that the board, in its new award, give the employer credit for wages received by the employee during the period in question, as contended in the main bill.

*Judgment affirmed in part and reversed in part on main bill; judgment affirmed on cross bill. Felton, C. J., and Eberhardt, J., concur.*

DECIDED FEBRUARY 7, 1964—
REHEARING DENIED FEBRUARY 28, 1964.

*Poole, Pearce & Hall, Martin H. Rubin,* for plaintiff in error. *Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, Edward W. Killorin,* contra.