41754. CROWE v. QUILTED TEXTILE CORPORATION.

ARGUED JANUARY 6, 1966—DECIDED JANUARY 18, 1966—
REHEARING DENIED FEBRUARY 2, 1966—

*Wade H. Leonard,* for appellant.

*Burton Brown, Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warren R. Wilson,* for appellee.

HALL, Judge. This court held in *Hartford Acc. &c. Co. v. Carroll,* 106 Ga. App. 624 (127 SE2d 687), that a judgment for compensation payments according to the terms of an approved agreement during the period when an employer's application for hearing on a change in condition was pending was error. Accord *Gentry v. Georgia Cas. &c. Co.,* 109 Ga. App. 294 (136 SE2d 26); *Zurich Ins. Co. v. Cooper,* 106 Ga. App. 437, 439 (127 SE2d 165); *Collins v. Kiker,* 106 Ga. App. 513, 515 (127 SE2d 849); *Anglin v. St. Paul-Mercury Indem. Co.,* 106 Ga. App. 395, 399 (126 SE2d 913); *James v. General Motors Corp.,* 107 Ga. App. 588, 590 (131 SE2d 58); *Bump v. Continental Cas. Co.,* 109 Ga. App. 228 (136 SE2d 14).

Opinions of our courts contain language to the effect that an

employer cannot voluntarily cease making compensation payments under an award or agreement approved by the board unless the original award or agreement has been superseded by a new award or agreement, and that a new award based upon a change in condition cannot be made retroactive. See *Home Acc. Ins. Co. v. McNair,* 173 Ga. 566 (161 SE 131); *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 753 (113 SE2d 611); *Guess v. Liberty Mut. Ins. Co.,* 219 Ga. 581, 582 (134 SE2d 783); *American Cas. Co. v. Herron,* 102 Ga. App. 658, 660 (117 SE2d 172); *Armour & Co. v. Youngblood,* 107 Ga. App. 505 (130 SE2d 786); *Hartford Acc. &c. Co. v. Webb,* 109 Ga. App. 667, 669 (137 SE2d 362); *Pittsburgh Plate Glass Co. v. Bailey,* 111 Ga. App. 609, 614 (142 SE2d 388).

The employee in the present case, relying on such opinions, contends that the employer is liable for payments during the period while its application for hearing on a change in condition was pending. However, the decisions in those cases are that an award based on a change in condition cannot be made retroactive to a time before the application for hearing on a change in condition was filed. They are not in conflict with the decisions first cited above, which hold that an employer may stop making payments of compensation after filing an application for hearing on a change in condition, and the employer's liability from the date of the application will depend upon the final determination of the issue after the hearing, but his liability before the date he files an application for change in condition cannot be altered.

The trial court did not err in denying the application.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*