## 51345. INSURANCE COMPANY OF NORTH AMERICA et al. v. BRANNON.

STOLZ, Judge.

James Brannon worked as a tractor-trailer driver for the Howard Johnson Company until a lung condition rendered him unable to continue his employment. Mr. Brannon filed a workmen's compensation claim, contending that he became totally disabled when a pre-existing lung problem was aggravated by working in the freezing temperatures of the dry and freezer warehouses of the company. In an interlocutory order, the State Board of Workmen's Compensation referred the claimant's case to the Medical Board, pursuant to Code Ann. §§ 114-803, 114-819 (Ga. L. 1946, pp. 102, 106, 113) for a determination of the causation as well as date of disability and all other medical considerations at issue. The report of the Medical Board stated: "It is the opinion of the Medical Board that Mr. Brannon had pre-existing disease which was aggravated by his employment. It is our opinion that Mr. Brannon's case is compensable."

The employer and insurer appealed the decision of the Medical Board and propounded interrogatories. pursuant to Code Ann. § 114-823(3) (Ga. L. 1946, pp. 102, 116). The board once again found that the claimant had a "pre-existing disease which was aggravated by his employment." Thereafter, the deputy director of the Workmen's Compensation Board issued his award granting compensation to the claimant. The employer and insurer filed an appeal in superior court, which was determined adversely to them, and from which they appeal to this court. *Held:*

Where a medical question as to an occupational disease is in controversy, no award may be made on a claim until the Medical Board has made its report as to all medical issues involved. Code Ann. § 114-819, supra. This report is to be in writing and to include its findings and conclusions on every controverted question. Code Ann. § 114-821 (Ga. L. 1946, pp. 102, 114). In referring this case to the Medical Board, the deputy director requested resolution of all medical questions as to the occupational disease claim. Specifically, the report was to include a determination of causation and date of disability. This was not done. The Medical Board's report did not make a determination of the date of disability or causation. It made no finding on defendant's entitlement to apportionment, if any, under Code Ann. § 114-805 (Ga. L. 1946, pp. 102, 107) or any other finding of fact.

In light of the Medical Board's failure to issue a proper report, this case must be remanded to the State Board of Workmen's Compensation with direction to vacate its award, refer the claim to the Medical Board for appropriate findings and conclusions as to every controverted medical issue, and issue a new award thereupon.

*Judgment reversed and appeal remanded with direction. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Evans, J., dissents.*

Argued September 30, 1975 — Decided February 2, 1976.

*Swift, Currie, McGhee & Hiers, Charles L. Drew, Richard S. Howell,* for appellants.

*Reeves & Collier, Rex T. Reeves, R. John Boemanns,* for appellee.

Evans, Judge, dissenting.

The majority opinion reverses and thereby undertakes to upset the decision of every official who has handled this case prior to its reaching the Court of Appeals. These various officials found the claimant's injury to be compensable, and I agree. These various

officials were: 1. The Medical Board (to whom the case was referred by proper order). 2. The Medical Board held to the same decision after discovery and an attempt was made by the insurer to induce it to change its former decision. 3. The Deputy Director of the Board of Workmen's Compensation. 4. The Superior Court, to wit: Honorable Sam Phillips McKenzie, Judge, of Atlanta Judicial Circuit.

Of course a case may be reversed even though a thousand officials have held a contrary opinion, but I respectfully submit that a careful study of the evidence in this case will show that these officials, each and all of whom said the case is compensable, were correct, and their judgments should be affirmed.

I, therefore, respectfully dissent from the majority opinion and would vote to affirm Judge McKenzie, and all of those before him who decided the case to be compensable.