## 62496. SOUTHWIRE COMPANY v. SWEET.

CARLEY, Judge.

Appellee filed a workers' compensation claim contending that he was suffering from the occupational disease of lead poisoning as a result of his exposure to lead while working at the Southwire Company. After the initial hearing, the Administrative Law Judge (ALJ) found that the medical questions relating to appellee's allegation of lead poisoning and disability were in controversy. Therefore, the ALJ issued an interlocutory order referring appellee's claim to the Medical Board, pursuant to Code § 114-819, specifically requesting resolution of the issues of "whether or not claimant has lead poisoning, and if so, the disability flowing therefrom." Thereafter, the Medical Board issued its report which stated: "The Medical Board finds that the claimant had been exposed in his employment with Southwire to lead. The Medical Board concludes that the claimant has never been and is not now disabled from any type of employment, except one in which he would be exposed to abnormal amounts of lead."

Based upon this report, the ALJ found that appellee had contracted the occupational disease of lead poisoning due to his employment at Southwire, but that appellee was not disabled

because of the lead poisoning. Accordingly, the ALJ issued his award denying appellee's claim for weekly income benefits but directing Southwire to pay appellee's medical expenses incurred in treatment of this occupational disease. Southwire appealed this award issued by the ALJ directly to the superior court. The superior court affirmed the award of the ALJ and this appeal was allowed pursuant to Code Ann. § 6-701.1(a) (1).

The issue presented for resolution by the appeal can be stated as follows: Where the medical questions relating to appellee's allegation of an occupational disease were in controversy and the Medical Board was specifically requested to determine whether or not appellee had lead poisoning, and the Medical Board merely finds that appellee had been exposed to lead during his employment, did the Superior Court correctly affirm the ALJ's finding that appellee had contracted the occupational disease of lead poisoning? Code Ann. § 114-819 provides as follows: "In any claim for compensation for an occupational disease where medical questions shall be in controversy, the State Board of Worker's Compensation shall refer the case to the Medical Board for investigation and report. No award shall be made in such case until the Medical Board shall have duly investigated the case and made its report with respect to all medical questions at issue. The date of disablement, if in dispute, shall be deemed a medical question." After a hearing and consideration of the case, the Medical Board is required to issue a written report setting forth its findings and conclusions on every controverted medical question. Code Ann. § 114-821. This report becomes a part of the record in the case and must be accepted by the State Board of Workers' Compensation as conclusive upon the medical questions decided therein. Code Ann. § 114-823 (5). Moreover, the award made by the State Board must conform to the Medical Board's findings and conclusions which relate to the medical questions in issue. Code Ann. § 114-823 (5); *Waits v. Travelers Ins. Co.,* 106 Ga. App. 130 (126 SE2d 543) (1962).

In the instant case the medical questions were in controversy and the matter was properly submitted to the Medical Board for resolution of all medical questions relating to the occupational disease claim. Specifically the ALJ requested a determination as to whether or not appellee "has lead poisoning." The Medical Board, having sole jurisdiction to decide this issue (*Waits v. Travelers Ins. Co., supra*), however, made no such determination. Rather, the Medical Board merely concluded that appellee had been exposed to lead while working at Southwire. Accordingly, the ALJ was without authority to find that appellee did have lead poisoning and to issue an award predicated upon such finding. It follows that the trial court erred in affirming the award.

"In light of the Medical Board's failure to issue a proper report, this case must be remanded to the State Board of [Workers'] Compensation with direction to vacate its award, refer the claim to the Medical Board for appropriate findings and conclusions as to every controverted medical issue, and issue a new award thereupon." *Ins. of N. A. v. Brannon,* 137 Ga. App. 468 (224 SE2d 115) (1976).

*Judgment reversed and case remanded with direction. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 4, 1981.

*James T. McDonald, Jr.,* for appellant.
*Paul T. Robinson,* for appellee.