63134. SEITZINGERS, INC. et al. v. BARNES.

CARLEY, Judge.

Appellee-employee filed a workers' compensation claim alleging a disability resulting from an occupational disease as defined in Code Ann. § 114-803. Appellee's claim was referred to the Medical Board pursuant to Code Ann. § 114-819. The Medical Board conducted a hearing and issued its original report finding an occupational disability. Pursuant to Code Ann. § 114-823 (3), appellants filed an appeal from the report of the Medical Board. Accordingly, a new hearing was held and on November 18, 1980, the Medical Board again made its report finding an occupational disability. On December 3,

1980, appellants, purportedly under the authority of Code Ann. § 114-823 (5), filed an "appeal" from the Medical Board's second report to the Superior Court of Fulton County. On December 12, 1980, the administrative law judge issued an award of compensation to appellee premised upon the Medical Board's report and also awarded attorney's fees because appellant had "wrongfully withheld medical treatment . . ." On January 5, 1981, pursuant to Code Ann. § 114-708 appellants filed an appeal from this award to the Full Board and moved, in the alternative, to vacate the award on the ground that the "appeal" from the report of the Medical Board to the Superior Court of Fulton County "acted as a supersedeas, thereby rendering the administrative law judge powerless to issue an award." In the appeal to the Full Board, appellants cited the statutory grounds enumerated in Code Ann. § 114-823 (5). The Full Board did not vacate the award but rather, essentially, adopted it and made the award its own.

Pursuant to Code Ann. § 114-710, appellants filed an appeal to the superior court from the award of the Full Board. In this appeal to the superior court, appellants did not cite the statutory grounds enumerated in Code Ann. § 114-823 (5) but relied solely upon the grounds specified in Code Ann. § 114-710. The superior court affirmed the award, including the award of attorney's fees. Appellants' application for a discretionary appeal was granted in order that we might review the procedural and substantive issues raised by the award to appellee.

1. We deal first with appellants' assertion that the award should have been vacated because, at the time that it was made, an "appeal" from the report of the Medical Board was pending in the Superior Court of Fulton County. It is appellants' contention that Code Ann. § 114-823 (5) provides for such "direct" appeals. This is erroneous. Code Ann. § 114-823 (5) does not provide for a "direct appeal" procedure from the report of the Medical Board which is in addition to and outside the purview of an appeal from the award of compensation which is premised upon that report. The statute provides "that upon a review by the State Board of Workers' Compensation, as provided by section 114-708, or upon an appeal by an aggrieved party [to the superior court] from the final decisions of the board, as provided in section 114-710, such aggrieved party shall have the right, as grounds for showing that said award of the State Board of Workers' Compensation was erroneous, to except to the decision of said Medical Board upon said medical question upon" stated grounds. This statute does not mean that an aggrieved party has the right to a "direct appeal" from the report of the Medical Board but only that when an award is made based upon the report,

"[t]he only grounds of appealing a decision of the State Board of [Workers'] Compensation which is based upon the report of the medical board deciding medical questions which the board has referred to the medical board are the" statutory grounds enumerated in Code Ann. § 114-823 (5). *Fidelity & Cas. Co. v. Parham,* 107 Ga. App. 466, 467 (130 SE2d 535) (1963).

Thus, the only "direct appeal" to the superior court from the report of the Medical Board is one which is taken *from the award of the Full Board* pursuant to Code Ann. § 114-710 and which enumerates the grounds stated in Code Ann. § 114-823 (5). See *Fidelity & Cas. Co.,* 107 Ga. App. 466, supra; *Borden Co. v. Fuerlinger,* 95 Ga. App. 556, 560 (98 SE2d 410) (1957); *Farrill v. Travelers Ins. Co.,* 105 Ga. App. 600 (125 SE2d 562) (1962); *Hammock v. Davidson Granite Co.,* 107 Ga. App. 673 (131 SE2d 132) (1963). Accordingly, appellants' "appeal" to the superior court being directly from the report of the Medical Board rather than from an award of the Full Board premised upon that report, was unauthorized and a mere nullity without effect upon the jurisdiction of the administrative law judge or the Full Board to enter an award. It was not error to refuse to vacate the award pending resolution of that "appeal."

2. Likewise, it was not error for the superior court to fail to reverse the award on any grounds premised upon an attack upon the report and findings of the Medical Board. As noted above, when appellants did appeal to the superior court from the award of the Full Board pursuant to Code Ann. § 114-710, they did not enumerate the grounds stated in Code Ann. § 114-823 (5). Thus they did not "appeal" to the superior court from the Medical Board's report and the findings and conclusions therein are accordingly deemed conclusive as against any of the grounds which could have been urged against it under Code Ann. § 114-823 (5). *Fidelity & Cas. Co. v. Parham,* 107 Ga. App. 466, supra. Accordingly, the superior court had jurisdiction to hear and determine the appeal solely upon the Code Ann. § 114-710 grounds which were enumerated in the appeal and it would have been error for the superior court to have reversed the award on any ground set forth in Code Ann. § 114-823 (5). *Fidelity & Cas. Co.,* 107 Ga. App. 466, supra.

3. Whether or not appellee was "disabled" as the result of an occupational disease was a medical question for the Medical Board. *Hammock v. Davidson Granite Co.,* 107 Ga. App. 673, supra. Therefore, as discussed above, the failure to appeal from the Medical Board's findings precludes consideration of appellants' argument that the finding of appellee's disability by reason of an occupational disease was erroneous.

The record demonstrates that the administrative law judge

referred the following disputed medical issues to the Medical Board for resolution: "[T]here are controversial medical questions that must be resolved based upon the allegation of [appellee] that he has a cardiovascular condition resulting from lead toxicity and disability as a result of this condition and from exposure to lead while working for [appellant] . . . [T]he period of disability is in dispute and . . . [appellee's] exposure to lead and its effects on the physical condition of [appellee] are in dispute." The Medical Board, in its final report, concluded that appellee had been exposed to abnormal amounts of lead while employed with appellant and that he suffered from chronic lead poisoning. The Medical Board also concluded that appellee had been totally disabled from October 24, 1978 through January 15, 1980 and was permanently disabled from further abnormal exposure to lead. It is thus readily apparent that, in response to the disputed medical issues referred to it, the Medical Board concluded that appellee had contracted the occupational disease of lead poisoning and that, 'as appellee asserted, he had incurred a disabling cardiovascular condition as the result of that occupational disease. Accordingly, we find meritless appellants' argument that the subsequent finding by the Full Board that appellee's "cardiac symptoms were brought on by his exposure to lead" was not in conformity with the conclusions of the Medical Board which found a disabling cardiovascular condition resulting from an occupational disease. Compare *Southwire Co. v. Sweet*, 160 Ga. App. 625 (287 SE2d 635) (1981).

Appellants further contend that the judgment of affirmance of the award must be reversed and remanded with direction that the Full Board make a finding on whether appellee's disability, as found by the Medical Board, was or was not the result of appellee's "wilful failure or refusal to use a safety appliance." Code Ann. § 114-105. See generally *Greyhound Van Lines v. Collins*, 132 Ga. App. 806 (209 SE2d 250) (1974). Our review of the evidence submitted with regard to the claim demonstrates that appellants failed to carry the burden of presenting evidence which would authorize a finding that the proximate cause of appellee's lead poisoning was his wilful failure or refusal to use a safety device. See generally *Shiplett v. Moran*, 58 Ga. App. 854 (200 SE 449) (1938); *Parks v. Maryland Cas. Co.*, 69 Ga. App. 720 (26 SE2d 562) (1943); *Armour & Co. v. Little*, 83 Ga. App. 762 (64 SE2d 707) (1951). "It is not sufficient to authorize a finding that an employee's injury or death is due to his wilful misconduct or intoxication to show merely that at the time of the injury the injured employee was engaged in the performance of an act of wilful misconduct or was intoxicated. It is essential, in order to constitute a bar to compensation, on either of these grounds, that his injury or

death was caused either by his wilful misconduct or by his intoxication. The wilful misconduct or the intoxication must have been the proximate cause of the injury or death. [Cit.]" *Shiplett,* 58 Ga. App. at 856-857, supra. There being no evidence which would authorize a finding for appellants who bore the burden on this issue, it follows that a finding for appellee in this regard was demanded. Accordingly, we find no error in the failure of the Full Board to make a specific finding in this regard. Compare, e.g., *Greyhound Van Lines,* 132 Ga. App. 806, supra; *Hudson v. Taylor,* 88 Ga. App. 575 (77 SE2d 100) (1953).

4. The award of the administrative law judge, as adopted by the Full Board, made an award of attorney's fees "[b]ecause the [appellants] wrongfully withheld medical treatment for [appellee] during a period when he was obviously experiencing symptoms in the performance of his duties thereby causing him to seek medical attention on his own . . . [Appellee] was forced to engage the services of an attorney to enforce his legal rights." This finding does not authorize an award of attorney's fees under Code Ann. § 114-712. Code Ann. § 114-712 (b)(1) provides for the assessment of attorney's fees "[u]pon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds . . . " No such determination was made in the instant case. Indeed it is probable that no such determination could have been made in this case in view of the fact that the administrative law judge herself found that there were medical questions in controversy and submitted the case to the Medical Board. Cf. *Phoenix Ins. v. Weaver,* 124 Ga. App. 423 (2) (183 SE2d 920) (1971); *Pacific Employers Ins. Co. v. Peck,* 129 Ga. App. 439 (200 SE2d 151) (1973). Furthermore it appears from the record that an award of attorney's fees under Code Ann. § 114-712 (b)(2) would not be authorized because appellants apparently complied with Code Ann. § 114-705 (d). Even if the evidence would otherwise authorize an award of attorney's fees under Code Ann. § 114-712 (b)(2) for appellants' non-compliance with any provision of Code Ann. § 114-705, the determination of the administrative law judge and of the Full Board, by adoption, was an insufficient predicate for the assessment of attorney's fees under that statute. *Union Carbide Corp. v. Coffman,* 158 Ga. App. 360 (280 SE2d 140) (1981). Moreover, it appears that the award of attorney's fees did not otherwise comply with *Liberty Mut. Ins. Co. v. Kirkland,* 156 Ga. App. 576 (275 SE2d 152) (1980). See also *Sunbelt Air Lines v. Hunt,* 158 Ga. App. 429 (3) (280 SE2d 435) (1981). Accordingly, the superior court erred in affirming the award of attorney's fees.

5. The judgment of the superior court affirming the award of compensation is affirmed. However, insofar as that judgment

affirmed the award of attorney's fees, it is reversed with direction that the case be remanded to the Full Board for further proceedings not inconsistent with this opinion. Resolution of the appeal in the above stated manner renders it unnecessary to address remaining enumerations of error.

*Judgment affirmed in part and reversed in part with direction. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 5, 1982 —
REHEARING DENIED MARCH 31, 1982.

*Michael Jablonski, John C. Parker,* for appellants.
*Steven E. Marcus,* for appellee.